## THE STATE v. NANCY PRUITT and HENRY PRUITT, Appellants.

### Division Two, March 5, 1907.

1. **INCEST: Several Acts: One Count in Information: Election.** Where, in a prosecution for incest, the information contains but one count, and the evidence tends strongly to show more than one act of intercourse between the defendants, the court should require the State at the close of its case, on motion of defendants, to elect upon which act it will rely for a conviction, and should by its instructions restrict the jury to a consideration of the act relied upon.

2. ———: **Evidence of Prior Acts.** It is proper to admit evidence of acts of intercourse committed by defendants prior to the commission of the act charged in the information or upon which the State relies for a conviction, as well as acts of lascivious familiarity not amounting to actual intercourse, since such acts tend to render it probable that defendants committed the specific offense charged.

Appeal from Texas Circuit Court.—*Hon. L. B. Woodside,* Judge.

REVERSED AND REMANDED.

202 Sup—4

*W. E. Barton* and *N. B. Wilkenson* for appellants.

The court should have required the State to elect on which act of intercourse it would depend for conviction, as evidence of other acts as substantive offenses is not admissible. Smith v. Com., 60 S. W. 531; 16 Am. and Eng. Ency. Law, 139; 7 Ency. Ev., 256; 4 Elliott on Ev., 3168; 22 Cyc. 53; State v. Palmberg, 199 Mo. 233.

*Herbert S. Hadley,* Attorney-General, and *N. T. Gentry,* Assistant Attorney-General, for the State.

No error was committed in overruling defendant's motion asking that the State elect upon which act it would ask for a conviction. The case at bar is distinguishable from those cited by counsel for appellants, and especially the Palmberg case, 199 Mo. 233.

BURGESS, J.—Under an information theretofore filed by the prosecuting attorney of Texas county, the defendants were, at the May term, 1906, of the circuit court of said county, convicted of the crime of incest, the punishment of each being assessed at imprisonment in the penitentiary for a term of two years. After motions for a new trial and in arrest of judgment had been filed and overruled, defendants appealed.

The State's evidence tended to prove that Nancy Pruitt was the mother of said Henry Pruitt; that Henry Pruitt was a single man and lived with his mother on the same farm in Texas county; that the husband of Nancy Pruitt was alive, but not living with her. Annie Lewis testified that in August, 1905, she saw the defendants in a certain hollow on the Pruitt farm, lying down on the ground, and having sexual intercourse. Other witnesses for the State testified to various acts, and disgraceful suspicious conduct, on the part of the

defendants from which criminal intimacy might well be inferred.

Both defendants denied on the witness stand ever having had sexual intercourse with each other.

At the close of the evidence on the part of the State, and again at the close of all the evidence, the defendants moved the court to require the State to elect upon which acts of intercourse testified to by the witnesses for the State it would rely for a conviction. These motions were by the court overruled, and defendants saved exceptions.

In cases of this character, where more than one act of intercourse has been proven to have occurred within three years next preceding the time of the filing of the information or the presentation of the indictment, it is the duty of the court, at the close of the State's case, on motion of defendant for that purpose, to require the State to elect upon which act it will rely for conviction. [State v. Palmberg, 199 Mo. 233.] The information was filed on the 13th day of September, 1905, and alleges that the offense was committed on the — day of June, 1905. The evidence tended strongly to show that the defendants had sexual intercourse with each other on the 10th day of June, 1905, and again on the 10th day of August, 1905. The statute (sec. 2172, R. S. 1899), provides, that all persons named therein, "who shall commit adultery or fornication with each other, or who shall lewdly and lasciviously cohabit with each other, shall be guilty of incest;" so that, if the defendants had sexual intercourse with each other, they were guilty of incest as defined by said statute. And as each act of intercourse was an act of fornication and incest, the court should have required the State to elect upon which act it would rely for conviction.

Defendants complain of the action of the court in giving instruction numbered one on the part of the State, and in refusing instruction numbered one asked

by the defendants.    Said instruction given for the State is as follows:

"1.   The court instructs the jury that if you find from the evidence that the defendants, Nancy Pruitt and Henry Pruitt, in Texas county, Missouri, in the year 1905, did wilfully and voluntarily have sexual intercourse with each other, and if, then and there, the said Nancy Pruitt was the mother of said Henry Pruitt, and if said Henry Pruitt was the son of said Nancy Pruitt, and if at said time and place said Nancy Pruitt was a married woman and said Henry Pruitt was a single man, you will find them guilty of incest and assess their punishment at imprisonment in the State penitentiary for a term of not less than two nor more than seven years."

This instruction is criticised upon the ground that it authorized the conviction of defendants if part of the jury believed the defendants guilty of one act of intercourse and not guilty of another, while another part of the jury believed defendants not guilty of that act but guilty of a different one.   What has been said with reference to the action of the court in overruling the defendant's motion to require the State to elect upon which of the acts of criminal intercourse proven it would stand for conviction is emphasized by this instruction, in that it failed to direct the attention of the jury to any one particular act.   Under this instruction the jury might return a verdict of guilty, although only part of the jury might believe the defendants guilty of one offense, and part of another offense, and be unanimous as to neither.

The information contains but one count, and charges but one offense, that committed on the — day of June, 1905.   Under the law, in order to a conviction of the defendants it was not necessary for the State to prove that the offense was committed upon any particular day, so that it was within three years next be-

fore the filing of the information; but the defendants could only have been convicted of one offense, and as the evidence tended to show the commission of two different offenses, the court should have required the State to elect, and have by its instructions restricted the jury in its consideration of the case to one of such offenses in accordance with such election. In passing upon the guilt or innocence of the defendants, however, it was proper for the jury to consider any acts of intercourse which might have been committed by defendants prior to the commission of the act alleged in the information or upon which the State relied for conviction, as well also as any acts of "lascivious familiarity between the parties, not amounting to actual intercourse, . . . . . since such evidence is of such a character as tends to make it probable that the parties did commit the specific offense charged; they constitute the foundation of an antecedent probability." [16 Am. and Eng. Ency. of Law (2 Ed.), 139; State v. Markins, 95 Ind. 464; People v. Skutt, 96 Mich. 449.]

Instruction 1, asked by defendants, and refused by the court, is as follows: "The court instructs the jury that it is not sufficient for part of the jury to believe defendants guilty of one act of sexual intercourse and another part believe another act of sexual intercourse, but you must all believe that they were guilty of one specific act." For the reasons above stated this instruction should have been given.

Our conclusion is that the judgment should be reversed and the cause remanded. It is so ordered.

All concur.