### CLAUDE CARTER et al. v. STATE.

No. A-4086.  Opinion Filed June 2, 1923.

(215 Pac. 440.)

(Syllabus.)

1. Indictment and Information—Information not Duplicitous—Surplus Allegation that Female Under Influence of Liquor When Raped.  For information held to charge crime of rape in first degree on female under the age of fourteen years, and further held not to be duplicitous, see body of opinion.

2. Trial—Election Between Acts—Rape.  Held, under the facts in this case, the state should have been required to elect upon which act of sexual intercourse reliance was had for a conviction, upon motion of defendant at the conclusion of the state's evidence in chief.

Appeal from District Court, Choctaw County; E. F. Lester, Judge.

Claude Carter and another were convicted of rape in the second degree, and they appeal. Reversed and remanded.

Warren, Warren, & Warren, for plaintiffs in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

MATSON, P. J.  This is an appeal from a judgment of conviction for rape in the second degree rendered against the plaintiffs in error in the district court of Choctaw county on the

24th day of March, 1921, with punishment assessed against each at imprisonment in the state penitentiary for one year.

On the 14th day of February, 1921, the county attorney of Choctaw county filed an information in the district court of said county charging these plaintiffs in error, hereinafter referred to as defendants, with the crime of rape, the charging part of the information being as follows:

"That Claude Carter and Burrill McFarland, in the county and state aforesaid, on the day and year aforesaid, did unlawfully, willfully, wrongfully, knowingly, and feloniously have sexual intercourse with and carnally know and rape one Bernice Mays, a female not the wife of either of them, the said Claude Carter and Burrill McFarland, and then and there a female under the age of 13 years, the said Bernice Mays being then and there drunk from the effects of whisky administered to her, the said Bernice Mays, by the said Claude Carter and Burrill McFarland, contrary to the form of the statutes, in such cases made and provided, and against the peace and dignity of the state."

On the 8th day of March, 1921, defendants filed a demurrer to said information, on the ground that said information was duplicitous, in that it charged these defendants with two separate offenses in one and the same count. The demurrer to the information was overruled, and proper exception taken.

On the 23d day of March, 1921, the cause was called for trial, a jury duly impaneled and sworn, the case stated by the prosecuting attorney, and the first witness called to the stand, when counsel for defendants objected to the introduction of testimony, the grounds of which objection are not necessary to be stated.

After the conclusion of the state's evidence counsel for defendants requested the trial court to require the county attorney to elect upon which act of sexual intercourse the state relied for a conviction, which said motion was overruled by the

court, and proper exception reserved.

In view of the disposition made of this appeal it is only necessary to pass upon two of the propositions presented. First, whether or not the court committed error in overruling the demurrer to the information; second, did the court err in refusing to require the state to elect upon which act of intercourse it relied for a conviction? The other questions presented are such as are not supported by the record, or else would not be involved in a second trial of the case.

The demurrer to the information was properly overruled. The information charges but one offense, to wit, statutory rape of a female under the age of 14 years, and the further allegation contained in the information, to wit, "the said Bernice Mays being then and there drunk from the effects of whisky administered to her, the said Bernice Mays, by the said Claude Carter and Burrill McFarland," did not have the effect of charging a different offense or a different degree of rape. Under our statutory provisions rape upon a female under the age of 14 years, either with or without consent, is rape in the first degree, and any allegation of the conditions under which such a rape was effected is mere surplusage, provided the information in other respects, as in this case, fully charges the crime of rape upon a female under the age of 14 not the wife of the perpetrator.

The second proposition presented is fatal to an affirmance of this cause. The information charged these defendants jointly with having raped Bernice Mays, the prosecuting witness. The information did not state whether said offense was committed by an act of intercourse accomplished by Claude Carter, one of the defendants, or by an act of intercourse accomplished by Burrill McFarland, the other defendant. It was impossible to determine from the allegations of the information whether or not more than one act of intercourse was accom-

plished by the defendants. The information, therefore, on its face disclosed no duplicity in charging more than one offense. It did, however, develop from the testimony of the prosecuting witness that the defendant Claude Carter first accomplished an act of sexual intercourse with her, and that the other defendant, Burrill McFarland, was not present on such occasion, and there is no evidence that the said Burrill McFarland aided or abetted Claude Carter in such act, unless such act was the result of a conspiracy previously entered into between these defendants to each have sexual intercourse with the prosecuting witness; and the facts and circumstances in evidence do not disclose any such conspiracy. A second act of intercourse with the prosecuting witness was accomplished by the defendant Burrill McFarland at a time and place when the defendant Claude Carter was not present. After the evidence disclosed these separate acts of intercourse, one by each defendant, the trial court should have sustained the motion of the defendants to require the state to elect upon which act a conviction was relied upon. The two transactions constituted separate and distinct offenses, and, while the defendants may have been equally guilty of each of the offenses, they were entitled to be tried under our statutes for only one of such offenses at a time. The failure, therefore, to require the state to elect upon which offense it relied for a conviction was reversible error in this case. Gracy v. State, 13 Okla. Cr. 643, 166 Pac. 442; Bishop's Criminal Procedure, § 442; Montour v. State, 11 Okla. Cr. 376, 145 Pac. 811; Morris v. State, 9 Okla. Cr. 214, 131 Pac. 731; Cornell v. State, 104 Wis. 527, 90 N. W. 745; State v. Pruitt, 202 Mo. 49, 100 S. W. 431, 10 Ann. Cas. 654.

For reasons stated, the judgment of conviction is reversed, and the cause remanded to the district court of Choctaw county, with instructions to grant the defendants a new trial, and for further proceedings not inconsistent with this opinion.

DOYLE and BESSEY, JJ., concur.