## WILLIE FRANK SHORT v. STATE.

No. A-6542.   Opinion Filed April 27, 1929.
(276 Pac. 703.)

438

H. D. Henry and S. A. Horton, for plaintiff in error.

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

EDWARDS, P. J.  The plaintiff in error, hereinafter called defendant, was convicted in the district court of Oklahoma county of rape in the first degree, and his punishment fixed at imprisonment in the state penitentiary for a term of 15 years.

The record discloses that the prosecuting witness, Fairest Shilling, at the time of the offense charged, was 15 years of age.  Her home was at Ada.  She had been visiting some relatives at Dill, and on the way home stopped off at Oklahoma City to visit an uncle who lives on Twenty-Third street east of the State Capitol, some 40 blocks from the Rock Island Depot.  She arrived at the Rock Island Depot at night, and, while attempting to take a street car, defendant came to where she was waiting, entered into a conversation with her, told her he knew where her uncle lived, and proposed that he would assist her to walk to his place.  Near the Capitol, be-

tween Twenty-Third and the street car tracks, defendant proposed that they sit down and rest. They did so, and after a short time prosecutrix insisted that they go ahead, and defendant refused and demanded that she have intercourse with him. Upon her refusal, he threatened her, and she offered him all the money she had if he would not harm her, but finally by force and fear he compelled her to submit, after which he accompanied her near to her uncle's place and left her. On reaching her uncle's house, she immediately made known what had happened. Defendant was not known and was not arrested until more than two years later.

The first contention made is that the evidence is insufficient to sustain the judgment; it being particularly stressed that the identity of defendant as the person who committed the crime is not positive and certain. The identification of defendant depends entirely upon the testimony of the prosecutrix. It was ample, if believed, to satisfy the jury. It appears to us to be reasonable, credible and convincing. We deem it unnecessary to set out the testimony upon this point. Under this assignment, it is also argued that there is no sufficient proof of penetration. This contention is wholly untenable. The testimony of prosecutrix is that of an inexperienced, unsophisticated young girl, and we are satisfied, as the jury must have been, of the truth of her testimony.

Complaint is next made that the evidence does not make a case of rape in the first degree. This argument is predicated on the fact that the information, in addition to alleging that the act of sexual intercourse was accomplished by means of force and violence overcoming her resistance, and by means of threats of immediate and great bodily harm, accomplished by apparent power of execution sufficient to and which did overcome resistance on the part of the said Fairest Shilling, also al-

leged that the female was under the age of 16 years, to wit, 15 years. The verdict returned is for rape in the first degree, and fixes the punishment at the minimum of 15 years. Defendant insists that the information charged rape in the second degree. Rape in the first degree is defined by section 1834, Comp. Stat. 1921, as follows:

"Rape is an act of sexual intercourse accomplished with a female, not the wife of the perpetrator, under either of the following circumstances:

"First. Where the female is under the age of sixteen years.

"Second. Where the female is over the age of sixteen years and under the age of eighteen, and of previous chaste and virtuous character.

"Third. Where she is incapable through lunacy or any other unsoundness of mind, whether temporary or permanent, of giving legal consent.

"Fourth. Where she resists but her resistance is overcome by force and violence.

"Fifth. Where she is prevented from resistance by threats of immediate and great bodily harm, accompanied by apparent power of execution.

"Sixth. Where she is prevented from resisting by an intoxicating narcotic, or anesthetic agent, administered by or with the privity of the accused.

"Seventh. Where she is at the time unconscious of the nature of the act and this is known to the accused.

"Eighth. Where she submits under the belief that the person committing the act is her husband, and this belief is induced by artifice, pretense or concealment practiced by the accused, or by the accused in collusion with her husband with intent to induce such belief. And in all cases of collusion between the accused and the husband of the female, to accomplish such act, both the husband and the accused shall be deemed guilty of rape."

A female under the age of 16 years is not required

to resist an act of sexual intercourse in order to make the crime rape. She is incompetent to give her consent, and the law resists for her. An act of intercourse accomplished with her with or without her consent is rape in the first degree. If the rape is accomplished by force, it is none the less rape in the first degree. When the rape is by force overcoming resistance or by threats preventing resistance, if the state relies upon the allegation of force or threats, the further allegation that she is under the age of 16 years is surplusage. Also the intercourse is rape in the first degree where the female is under the age of 16 years, and, if in such case the state relies upon the nonage of the female, the allegation of force is surplusage. Under either or under both conditions the crime is rape in the first degree. Certainly it was never the intention of the Legislature to provide that an act of intercourse accomplished upon a female by force overcoming resistance or by threats preventing resistance where the female was above the age of 16 years is rape in the first degree, but, if accomplished in like manner upon a female under the age of 16, rape in the second degree.

The case is affirmed.

DAVENPORT and CHAPPELL, JJ., concur.