## OBEL McMANUS et al. v. STATE.

No. A.-7424.   Opinion Filed March 7, 1931.
Rehearing Denied April 18, 1931.
(297 Pac. 830.)

George W. Martin and Blanton, Osborn & Curtis, for plaintiffs in error.

J. Berry King, Atty. Gen., and Edward Crossland, Asst. Atty. Gen., for the State.

EDWARDS, J. The plaintiffs in error, hereinafter called defendants, were convicted in the district court of Kiowa county on a charge of rape, and defendants Pitts, Tidmore, and McManus were sentenced to serve a term of 25 years in the penitentiary; defendants Brumley and the two Wards were each sentenced to serve a term of 20 years in the penitentiary.

Briefly stated, the testimony for the state is about as follows: Faye Pipkin, who resided with her father near

Mountain View, was taken to a church service by one Jester. While there, Brumley told her not to return home with Jester, as some boys were going to beat him up. She then asked Tidmore to take her home. Before they started home, McManus called Tidmore to the rear of the car and had a conversation with him. Tidmore then left with her in his car and a short distance from town, near a gravel pit, he cut off his engine and the car rolled back to the railroad track. Another car was following them with the other defendants and here a difficulty, apparently a sham, ensued between McManus and Tidmore. McManus and Brumley pulled the girl out of the car and advised her to run. She went up the bank some 60 feet from the car, and, the difficulty having ended, Tidmore and McManus took her up the railroad track about 300 feet and informed her of their intentions. There they held her and each defendant had sexual intercourse with her, two of them twice. The entire transaction was continuous and accomplished by force. Tidmore then took prosecutrix home and she immediately notified her father, who attempted to seize Tidmore, but he fled. The father then took prosecutrix to Mountain View and notified the officers, and all the defendants were apprehended that night. The girl was examined by a physician, who testified her condition showed recent excessive intercourse; that her privates were swollen and the blood appeared about to burst out. The defense was alibi for all the defendants, except Tidmore. They denied that they were at the place claimed by prosecutrix or knew anything of the alleged crime. Tidmore admitted taking the girl home, but denied any act of intercourse. We deem it unnecessary to recite any further details.

Among the contentions made is error in overruling the application for a continuance. The application sets

out that Claude Lewis would testify that on the morning after the alleged offense he had a conversation with prosecutrix in which she said, in substance, that she told her father of the claimed offense in order to placate him. That he scolded and threatened to beat her. That she did not expect him to have the boys arrested and her statement was not true. A subpoena was issued for this witness November 20. It was returned "not found" November 24. The trial was on December 10. During this interval no diligence to procure the witness was made. The application states that the information concerning the witness was from relatives in Garvin county, his usual place of residence, who expected him to return at any time, but no subpoena to that county was issued. It does not appear that there is any likelihood of his attendance at the next term of the court and no one appeared to know the witness' whereabouts. To entitle a defendant to a continuance on the ground of an absent witness he must have exercised diligence to procure the witness in the first instance. There was no error in overruling the application.

Complaint is made that the court committed fundamental error in his instructions, particularly in Nos. 6, 9, and 10. No. 6 correctly states that all persons concerned in the commission of a crime, whether they directly commit the act or only aid and abet, are principals. Nos. 9 and 10, in substance, tell the jury that, if defendants or any of them, by force and violence overcoming the resistance of the prosecutrix, did rape her or did aid and abet any of the other defendants in the commission of such crime, then the jury should find such defendants committed the crime or, aiding and abetting in its commission, guilty as charged.

The argument is that under the evidence eight different acts of intercourse were proven, and that each is a

separate crime both as to the perpetrator and to any other of the defendants who aided and abetted in its commission, and, there having been no election of the particular act on which the state relied, the defendants were tried for more than one offense.

It has been said in substance many times by this court that a defendant may be tried for only one offense at a time, and, where there is evidence tending to prove two or more distinct offenses, more than one of which might support a verdict of guilty, the state is required to elect the particular act upon which it will rely for a conviction. This is necessary for the reason that a defendant has a constitutional right to be put on trial for a single offense and for the further reason that he has a right to a verdict in which all the jurors concur upon the same criminal act or transaction. Gracy v. State, 13 Okla. Cr. 643, 166 Pac. 442; Williams v. State, 16 Okla. Cr. 54, 180 Pac. 559; Carter et al. v. State, 24 Okla. Cr. 1, 215 Pac. 440; Longshore v. State, 27 Okla. Cr. 128, 225 Pac. 573, 574; Lee v. State, 32 Okla. Cr. 117, 240 Pac. 148; Cooper v. State, 31 Okla. Cr. 217, 238 Pac. 503.

In cases of statutory rape other acts of sexual intercourse may be proven for the purpose of corroboration and as showing the intimate relations of the parties, but a conviction must be based on one act. Where more than one act is proven occurring at different times and places, it is the duty of the trial court upon motion to require the state to elect upon which of the several acts it intends to rely for a conviction, and, if no motion is made, the court of its own motion should require the state to elect or should treat the act of which the state first introduces evidence which tends to prove the offense as an election. Cooper v. State, supra; Pope v. State, 24 Okla. Cr. 213, 217 Pac. 498. We do not doubt the soundness of this rule.

But in cases of rape by force where two or more persons at the same time and place and as a part of the same common design and purpose, acting together in a continuous transaction, ravish a female, the two or more parties each having sexual intercourse, the rule stated has no application. In the case now under consideration, force is an essential ingredient, and the evidence is that each of the defendants was present during the several acts of intercourse, assisted in the actual perpetration of the crime by holding the prosecutrix and otherwise aiding and abetting. There was one continuous application of force, and, while there was penetration by each of the defendants, it was in fact a single continuous transaction. If any particular interval of time intervenes between the separate acts, or if they occur under such circumstances that there might be a basis for a jury to believe that one or more of the acts were committed and a reasonable doubt might exist as to the others, there must be an election. But where all the evidence tending to prove the crime is that is was a continuous act and application of force, and there is no basis in the evidence for a belief or a reasonable doubt that a part of the transaction occurred and a part did not occur, nor that one or more of the accused may be guilty and the others not, then there is but one crime, one continuous act, and there need be no election. In the instant case, all the evidence as to the actual offense is that the prosecutrix was thrown on the ground and was not permitted to rise until all the defendants had had sexual intercourse with her, and that all such acts by all the defendants were pursuant to a common purpose, intent, design, and conspiracy and by an acting together of defendants in a continuous application of force. There is no basis in the evidence under which the jury could believe or entertain a reasonable doubt that a part of the transaction occurred and a part did not occur.

The particular point here raised appears not to have been considered in any of the cases of first-degree rape in this state. In Sayers v. State, 10 Okla. Cr. 233, 135 Pac. 1073, a case of rape committed by force by three persons acting together upon a female at the same time and place, and where they were jointly charged as a part of a common purpose and design, and two of the accused were convicted, there was in effect an election of the act of intercourse by one of the accused. In the case of Gracy v. State, supra, where there was evidence of two acts by different persons, there was an interval of time between the perpetration of the acts which made the offense severable. In the cases of Lee v. State, supra, and Carter et al. v. State, supra, the same situation exists. In the case of Timmons et al. v. State, 44 Okla. Cr. 200, 280 Pac. 314, 315, where each of two defendants ravished a female, this court in reversing the case because of a refusal of the trial court to require an election said:

"The prosecutrix testified to two separate and distinct acts of intercourse, one with the defendant Glenn Timmons, and one with the defendant Thelmar Thompson, and that each of such acts of intercourse took place in the absence of the other defendant, and was accomplished without her consent, by force and violence overcoming her resistance."

There are few cases on the particular point under consideration. Somewhat analogous is the case of People v. Petruzo, 13 Cal. App. 569, 110 Pac. 324, 325, a homicide case in which it was held in substance that, where two persons at about the same instant fired a shot at a third person who was killed and there was doubt as to which fired the shot, the accused, tried separately, might be convicted whether he fired the shot or aided and abetted the other participant who also fired a shot. The case most nearly in point on the facts to which our attention

has been called or we have been able to find is State v. Sykes, 191 Mo. 62, 89 S. W. 851, 856, in which it is said:

"Defendant complains that he was tried, as shown by the evidence and instructions of the court, for two crimes; i. e. (1) aiding and abetting Byers in the commission of a rape upon the prosecutrix, and (2) the commission of the crime by defendant himself. The argument is that by proceeding this way the defendant was not informed of the nature and the cause of the accusation against him. Upon the other hand, the state contends that only one crime was committed, although there were two separate and distinct rapes upon the prosecutrix—one by Byers, aided by the defendant, and the other by the defendant. Each of these acts constituted a part of this transaction and crime, and it was competent to prove both against defendant as part of the res gestae. This question was before this court in State v. Duffy, 124 Mo. 1, 27 S. W. 358, wherein Patrick Murphy and defendant Duffy were originally jointly indicted for rape upon Mrs. Rose, but subsequently the indictment as to Duffy was quashed, and he was thereafter separately indicted. The officer who arrested Duffy found Patrick Murphy on top of Mrs. Rose in the act of ravishing her, and Duffy sitting about five feet away on a board. Mrs. Rose testified that both Murphy and Duffy seized her and ravished her. The court permitted the state to show Murphy's connection with the offense for which Duffy was upon trial. Duffy claimed this was error. This court said: 'The third and sixth assignments are substantially the same, in which it is claimed the court committed error in allowing evidence to go to the jury in relation to Murphy's connection with the offense for which the defendant herein was upon trial. Murphy and Duffy were alike guilty. They acted together in concert and what one did in the presence of the other, in committing the offense, was the act of the other, as much as if done by himself.' * * * The acts of Byers and defendant in assaulting and ravishing the girl constituted but one offense, the result of one common purpose, and the fact that Byers first assaulted her while Sykes looked on,

and after he got through defendant did the like, did not make two separate and distinct offenses."

It is earnestly argued on behalf of defendant Brumley that, as he is shown by the evidence to have been under the age of eighteen years, and the prosecutrix is shown to have been above the age of fourteen, he is within the protection of the latter part of section 1835, Comp. Stat. 1921, which is: "* * * Nor can any person be convicted of rape on account of an act of sexual intercourse with a female over the age of fourteen years, with her consent, unless such person was over the age of eighteen years at the time of such act." See, in this connection, Short v. State, 42 Okla. Cr. 437, 276 Pac. 703; Brasel v. State, 48 Okla. Cr. 403, 291 Pac. 807. This provision is held to be defensive. Penn v. State, 13 Okla. Cr. 367, 164 Pac. 992, L. R. A. 1917E, 668; Williams v. State, 17 Okla. Cr. 452, 190 Pac. 892. It was not contended at the trial that the act of intercourse accomplished by Brumley was with her consent; the defense is that such act did not take place, that is, alibi. Under the testimony for the state, the act of intercourse of Brumley was a part of the entire crime accomplished by force, and the testimony of defendant and his witnesses that he was not present fixed the issue. There is no consistency in the argument that the act was not committed, but, if committed, was with consent.

No other point of sufficient importance to require discussion is presented.

The case is affirmed.

DAVENPORT, P. J., and CHAPPELL, J., concur.