STATE of Missouri, Respondent,

v.

George WEST, Junior, alias George Junior West, Appellant.

No. 49235.

Supreme Court of Missouri,

Division No. 1.

May 14, 1962.

Edward E. Schmitt, Kansas City, for appellant.

Thomas F. Eagleton, Atty. Gen., Lynn B. Nelson, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

HOLMAN, Commissioner.

The amended information in this case charged defendant with the crime of incest. See § 563.220 (unless otherwise indicated all statutory references are to RSMo 1959, V.A.M.S.). He was also charged with a prior felony conviction. In accordance with the provisions of § 556.280 the trial court held a hearing outside of the presence of the jury and found that defendant had been priorly convicted of incest and sentenced to imprisonment in the penitentiary for a term of seven years, and had been imprisoned in the penitentiary under said sentence. The jury thereafter found the defendant guilty of the offense charged. In compliance with the provisions of § 556.-280(1) defendant's punishment was fixed by the trial court at imprisonment in the penitentiary for a term of seven years. Defendant has appealed.

Defendant has filed no brief in this court so we will consider the assignments in his motion for new trial. Thirteen of the sixteen assignments challenge, in different phraseology, the sufficiency of the evidence to sustain the conviction. These will therefore be considered together.

Prosecutrix is the 16-year-old daughter of defendant and his wife, Bernice. She testified that the occurrence involved took place on March 10, 1961; that on said date her mother left the home in the evening to go to the hospital; that at about 7:30 p. m. defendant called her upstairs to the back room and "I was standing at the door, and I was crying, and he told me to get on the bed, and I stood there for a few minutes, because I kept crying, and then he told me to get on the bed, and lie down on the bed, and I pulled up my dress, and he told me to pull down my panties, and the he started doing it to me. Q. When you say 'doing it to me,' do you mean he had sexual relations with you? A. Yes." Upon cross-examination she stated that three of her small brothers and sisters (ages 3 to 7 years years) came upstairs and went into the bathroom while she was in the bedroom with her father; that six other brothers and sisters (ages 9 to 22 years) were downstairs watching television at the time of the occurrence heretofore described; that she knew the date of the occurrence was March 10, 1961, because that was the date her father's relief check was received and her mother had bought her some clothes that day.

The defendant offered evidence tending to establish an alibi. He did not testify. However, he offered the testimony of Eslie Sims who stated that defendant and prosecutrix were visiting in his home from 6 p. m. until 9:30 p. m. on March 10, 1961. Mrs. Sims testified to the same effect. Eslie was able to fix the date because of the fact that he and defendant were "drinking buddies" and defendant always came over on the 10th of the month (after receiving his relief check) and they would drink together.

In rebuttal defendant's wife testified that she went to the hospital at 7 p. m. on the day in question and returned about 9 p. m.; that defendant and prosecutrix were at home when she left and were there when she returned. Prosecutrix also testified in rebuttal and denied being at the Sims home on March 10, 1961.

"In determining the sufficiency of the evidence to make a case for the jury, an appellate court considers as true the evidence favorable to the State and the favorable inference to be reasonably drawn therefrom and rejects evidence contrary to and in conflict with such favorable evidence." State v. Gray, Mo.Sup., 355 S.W.2d 10, 14. Defendant has specifically complained of the fact that the only evidence tending to prove the offense is the testimony of prosecutrix "without corroboration by medical testimony or other reputable witnesses." In that connection we have stated the applicable rule to be that the "uncorroborated evidence of the prosecutrix will sustain a conviction of incest or rape, but when the evidence of the prosecutrix is of a contradictory nature, or when applied to the admitted facts in the case her testimony is not convincing but leaves the mind of the court clouded with doubts, she must be corroborated, or the judgment cannot be sustained." State v. Akers, Mo.Sup., 328 S.W.2d 31, 33.

We have concluded that the evidence was sufficient to sustain the conviction. While the testimony of prosecutrix was brief, it was clear and unequivocal. We do not find any basis for concluding that it was contradictory or unconvincing. We are mindful of the fact that there were several of defendant's children in the house at the time, some of whom were adults or almost so. However, these older children were downstairs watching television. Under those circumstances we do not think the fact that those children were at home would reasonably require us to reject the uncorroborated testimony of prosecutrix as to the occurrence in the upstairs room. We

are also of the opinion that the failure of the State to produce medical testimony to the effect that prosecutrix had been violated does not necessarily indicate that her testimony is unconvincing or incredible. That is a circumstance which the jury could consider in its determination of the facts, but such corroborative evidence would not be deemed essential to submissibility under the circumstances here presented. State v. Nash, Mo.Sup., 272 S.W.2d 179.

■ Defendant has also complained that the verdict is erroneous. It reads: "We, the jury, find the defendant George West Junior guilty of incest." The verdict appears to be entirely proper. It clearly finds defendant guilty of the offense charged. Under the submission in this case it was proper that there was no assessment of punishment in the verdict. The assignment is without merit.

■ Another assignment in the motion for new trial is that the court erred in refusing to give Instruction C requested by defendant. It reads as follows: "The court instructs the jury that under the laws of this state if the accused shall not avail himself of his right to testify on the trial in the case, it shall not be construed to affect the innocence or guilt of the accused, nor shall the same raise any presumption of guilt, nor be referred to by any attorney in the case, nor be considered by the court or jury before whom the trial takes place." We have heretofore repeatedly ruled that the refusal of an instruction relating to the failure of defendant to testify is not error. State v. Long, 324 Mo. 205, 22 S.W.2d 809; State v. Denison, 352 Mo. 572, 178 S.W. 2d 449; State v. Revard, 341 Mo. 170, 106 S.W.2d 906; State v. Rutledge, Mo.Sup., 267 S.W.2d 625. This contention is accordingly ruled adversely to defendant.

■ The final assignment is that "the verdict was the result of bias, prejudice and passion on the part of the jury against defendant." It will be noted that defendant does not point to any occurrence in the trial which would cause the jury to be prejudiced against him, nor does he suggest any fact or circumstance which would tend to support his contention that the jury was, in fact, biased. We have carefully read the transcript and find nothing to support this assignment. It is therefore overruled.

An examination of the record as required by S.C. Rule 28.02, V.A.M.R., discloses no error.

The judgment is affirmed.

COIL and HOUSER, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.