STATE of Missouri, Plaintiff-Respondent,

v.

Leonard BAKER, Defendant-Appellant.

No. 53540.

Supreme Court of Missouri,
Division No. 2.

Dec. 9, 1968.

Norman H. Anderson, Atty. Gen., Jefferson City, William A. R. Dalton, Sp. Asst. Atty. Gen., Springfield, for respondent.

Joe Welborn, Bloomfield, for appellant.

FINCH, Presiding Judge.

The information herein charged under § 563.220, RSMo 1959, V.A.M.S., that defendant on the ___ day of December, 1966, committed incest by committing fornication and having sexual intercourse with his daughter, Joyce Lee Baker. Defendant was convicted and sentenced to imprisonment for five years and he appeals.

■ Defendant questions the sufficiency of the evidence to make a submissible case. We state the evidence necessary to a determination of that question. In so doing, we treat as true the evidence favorable to the state, including favorable inferences reasonably to be drawn therefrom. State v. West, Mo., 356 S.W.2d 880.

The evidence supports the following statement of facts: Defendant and four of his children lived together until January 2, 1967, in a house at Bloomfield, Missouri. There were three daughters, Joyce, Doris, and Barbara, and a son, Ricky. At the time of trial in October, 1967, these children were 19, 14, 11 and 7, respectively. The house contained a living room, a kitchen and three other rooms. Defendant and Ricky slept in one bedroom and the three girls in another bedroom. The other room at the back of the house contained a bed but was not used regularly by anyone as a bedroom.

Mrs. Baker had passed away in 1963. Starting sometime subsequent to her death, defendant started taking Joyce into the back bedroom and having intercourse with her. Joyce was not more specific about the time when this started other than to say that it started sometime after her mother died and before she finished school in the spring of 1966. This did not occur when the whole family went to spend Saturday nights with relatives named Stroud but did on the Saturday nights spent at home. Sometimes, when the family was watching TV, defendant would tell Joyce that he wanted to talk to her. On other occasions, after the three girls had gone to bed, de-

fendant would get Joyce out of bed and take her to the back bedroom. Joyce testified positively that on these occasions her father put his privates into her privates.

Defendant asserts that the testimony of Joyce is uncorroborated and was so conflicting and improbable that it was insufficient to make a submissible case. He cites the rule, most recently repeated in State v. West, Mo., 356 S.W.2d 880, 881, as follows: "In that connection we have stated the applicable rule to be that the 'uncorroborated evidence of the prosecutrix will sustain a conviction of incest or rape, but when the evidence of the prosecutrix is of a contradictory nature, or when applied to the admitted facts in the case her testimony is not convincing but leaves the mind of the court clouded with doubts, she must be corroborated, or the judgment cannot be sustained.' State v. Akers, Mo.Sup., 328 S.W.2d 31, 33."

In the first place, the testimony of Joyce is corroborated. Her sister Doris testified that she saw her father and Joyce lying on the bed on one occasion. Joyce's clothes were partly up and partly down, and her father's clothes were partly down. She also told of instances when her father would say "Come on" to Joyce, and she would reply "Do I have to" and he then took her into the back bedroom. She also testified that sometimes on Saturday nights her father would come and get Joyce after the three girls had gone to bed. She further said that she would hear the bed "screak" when her father and Joyce were in the back bedroom.

The younger daughter, Barbara, likewise testified that on almost every Saturday night she saw her father and Joyce go into the back bedroom. She also told of times when her father would come into the girls' bedroom, awaken Joyce and get her out of bed.

Defendant was arrested on January 2, 1967, as a result of a conversation on the preceding day between Joyce and a sister-in-law of defendant. Thereafter, on January 9, 1967, Joyce was examined by a doctor who found that she had a marital introitus. This indicated, he testified, that she had had intercourse many times or that she had had some large instrument inserted into her vagina.

The testimony of the two girls, plus the medical evidence, provided corroboration of Joyce.

Furthermore, we do not agree with defendant that the testimony of Joyce is so conflicting and improbable that it is unbelievable and the state therefore failed to make a submissible case. One asserted conflict or improbability, according to defendant, was the statement by Joyce that her father had intercourse with her on Saturday nights spent at home but did not do so on the nights when they visited the Ed Stroud family. We see nothing improbable or inconsistent in that statement. The defendant would be less likely to chance discovery by other adults at the Strouds than at home when only other younger children were present. The other asserted inconsistency is that Joyce testified that sometimes when she and her father were lying on their sides on the bed, they would not be facing each other. Defendant's brief says that Joyce testified that this was the situation when the acts of intercourse occurred, but we do not so read the record. Instead, the statement referred only to times when they were on the bed lying on their sides. This is not inconsistent with her positive testimony that defendant did have intercourse with her on these occasions.

In some instances Joyce did not respond to questions asked or seemed to have difficulty in expressing herself with respect to some question. This is understandable, however, on account of a natural hesitancy to testify as to the acts complained. We also take into account the fact that Joyce had been placed in special education rather than regular classes in school.

We hold that the state's evidence was sufficient to make a submissible case.

At the close of all the evidence the defendant filed a motion to require the state to elect, as follows: "Defendant moves the Court to require the state to elect the offense upon which it relies for a conviction and request the Court to so instruct the jury." The motion was overruled and the court refused an instruction, tendered by defendant, which told the jury that in order to convict they "must unanimously find that the defendant committed the particular act of incest the state has elected to rely." Instead, the court gave Instruction No. 6 which told the jury to convict defendant if they found and believed from the evidence beyond a reasonable doubt "that the defendant Leonard Baker, in Stoddard County, Missouri, during the year 1966, did knowingly, unlawfully and feloniously commit fornication with Joyce Lee Baker," his daughter.

As indicated, the state offered evidence of numerous acts of incest. This court has held in several cases that such evidence is admissible. The rule was stated in State v. Akers, Mo., 328 S.W.2d 31, 33: "While proof of other distinct crimes is not ordinarily admissible, it is proper in a prosecution for incest to admit evidence of other acts of sexual intercourse committed by the defendant and the prosecutrix prior to the act upon which the prosecution is based 'as well also as any acts of "lascivious familiarity between the parties, not amounting to actual intercourse, * * * since such evidence is of such a character as tends to make it probable that the parties did commit the specific offense charged. They constitute the foundation for an antecedent probability." ' State v. Pruitt, 202 Mo. 49, 100 S.W. 431, 432 [4]; State v. Hersh, Mo., 296 S.W. 433, 436 [11]; State v. King, 342 Mo. 975, 119 S.W.2d 277, 283 [10]; State v. Richardson, 349 Mo. 1103, 163 S.W.2d 956, 960 [3]; State v. Kornegger, 363 Mo. 968, 255 S.W.2d 765, 768 [7]."

Defendant does not complain on appeal about the admission of this evidence, but he does claim that he was entitled to have the state elect the specific offense on which it sought to convict. This exact question was presented in State v. Pruitt, 202 Mo. 49, 100 S.W. 431. There a mother and son were prosecuted for incest. The information charged an act on the ___ day of June, 1905. There was strong evidence of intercourse on June 10, 1905, and again on August 10, 1905. The court instructed the jury that it should convict if the defendants committed an act of intercourse in the year 1905. The court overruled a motion by defendants to require the state to elect upon which act of intercourse testified to by witnesses it would rely for a conviction. On appeal this court reversed and remanded, saying, l. c. 431: "In cases of this character, where more than one act of intercourse has been proven to have occurred within three years next preceding the time of the filing of the information or the presentation of the indictment, it is the duty of the court, at the close of the state's case, on motion of defendant for that purpose, to require the state to elect upon which act it will rely for conviction." The court went on to point out, l. c. 432, that under the court's instruction "the jury might return a verdict of guilty, although only part of the jury might believe the defendants guilty of one offense, and part of another offense, and be unanimous as to neither."

In State v. Foster, Mo., 225 S.W. 671, this court again reversed for refusal of a motion to elect. The court said, l. c. 672: "Complaint is made that the court overruled the motion of the defendant to require the state to elect on what specific act of intercourse it would stand for a conviction. The defendant had a right to make that request, and it was the duty of the court to grant it. State v. Pruitt, 202 Mo. 49, 100 S.W. 431, 10 Ann.Cas. 654; State v. Palmberg, 199 Mo. 233, 97 S.W. 566, 116 Am.St. Rep. 476; State v. Hamilton, 263 Mo. 295, loc. cit. 300, 172 S.W. 593." The instruction to the jury in that case told it to convict if the jury found that defendant committed the alleged act on the ___ day of April, 1917. The prosecutrix had testified as to acts of

intercourse on two different days in April. This court concluded, 1. c. 672: "So according to the testimony of the prosecuting witness, the instruction might refer to either one of the two improper acts which were said to have occurred in April, 1917, and the refusal of the court to require an election on the motion of the defendant was error."

The state's brief says "We suggest that the evidence clearly shows that the only act which the jury considered and which the jury found defendant guilty of, was the last act occurring on the last Saturday of 1966." It also asserts that "It was this *last* occurrence in the year 1966 to which attention of the jury was focused by both the state and counsel for appellant." We do not so read the record. Prosecutrix did not emphasize or focus attention on or even mention any particular occurrence or any specific date. Rather, she emphasized the regularity of the events, occurring always on Saturday night except when they visited the Strouds. The information had charged an offense on the __ day of December, 1966, but Instruction No. 6 permitted conviction for "fornication with Joyce Lee Baker" which occurred "during the year 1966." Although evidence had been received of numerous and frequent acts, the jury's attention was not directed to nor limited to a particular act. They were told to convict if they found defendant guilty of fornication with Joyce during 1966.

The state cites State v. McKinney, 254 Mo. 688, 163 S.W. 822, as establishing that refusal of the motion to elect was not error. In McKinney the opinion points out, 1. c. 823, that "While the prosecutrix gave general testimony as to a number of prior offenses committed by defendant against her of the character named in the information, the last and the only one in which the time was definitely fixed was that of August 17, 1907." Furthermore, the court's instruction limited the jury to the 17th day of August, 1907, as the date of the alleged offense to be considered. This court concluded, 1. c. 824: "With the proof and the instructions both pointing to one definite date, the refusal of defendant's request for an election is not prejudicial error." Thus, the court's verdict-directing instruction limited the jury to that one specific date. An order requiring the state to elect would not have accomplished more. The case is not authority for denial of a motion to elect where there is evidence of numerous acts and the verdict-directing instruction permits a conviction for fornication within the year 1966, instead of limiting the jury to a particular act or specific date.

■ We hold that it was error to overrule defendant's motion to elect and that the conviction must be reversed and the case remanded for retrial for that reason.

■ Defendant also complains of the admission in evidence of testimony that defendant kept a rifle at the house and that on one occasion he fired it in the house in the presence of the children. It apparently was offered for the purpose of showing that the shooting was done to create fear in prosecutrix and thereby cause her to submit to defendant's will. The state was permitted to introduce the evidence on the basis that it would be connected to the alleged offense by subsequent testimony. In our view, the evidence offered by the state on this issue was insufficient to show that the shooting created fear in prosecutrix or caused her to submit. Unless additional evidence is offered on this issue at a retrial, the testimony concerning the rifle and the firing thereof should not be received in evidence.

Reversed and remanded.

DONNELLY, J., and GODFREY, Special Judge, concur.

EAGER, J., not sitting.