STATE of Missouri, Respondent,

v.

Alfred Cornelius BOYD, Appellant.

No. 57296.

Supreme Court of Missouri,
Division No. 2.

Sept. 10, 1973.

John C. Danforth, Atty. Gen., Jefferson City, Charles B. Blackmar, Sp. Asst. Atty. Gen., St. Louis, for respondent.

John W. Ellinger, Jefferson City, for appellant.

HENLEY, Presiding Judge.

This is an appeal [1] by Alfred Cornelius Boyd (hereinafter defendant) from a judgment sentencing him to imprisonment for a term of five years upon his conviction of the charge that he, while a prisoner in the Missouri State Penitentiary, did feloniously offer violence to another inmate by stabbing him with a knife. Section 216.460.[2]

The failure of the court to give an instruction on the law of self-defense presents the principal question in this case. And, it is for this failure that we reverse and remand.

Defendant contends that the court erred (1) in refusing to give his tendered self-defense instruction; and (2) in failing to give a proper instruction on that subject if, as the state contends, his tendered instruction was not in proper form.

As noted, the state contends that the instruction tendered by defendant was not a proper instruction. It does not matter whether this is so, because if there is substantial evidence of self-defense in the case calling for an instruction on that subject, an appropriate instruction must be given as part of the law of the case on which the court is required to instruct, whether requested or not. State v. Singleton, 77 S.W.2d 80, 83 [2–4] (Mo.1934); State v. Spencer, 307 S.W.2d 440, 443 [1] (Mo.1957); State v. Turnbo, 267 S.W. 847, 849 [1, 2] (Mo.1924); State v. Bidstrup, 237 Mo. 273, 140 S.W. 904, 908 [5, 6] (1911).

Defendant and Walter Lee Lipsey, the prosecuting witness, both convicted felons in the custody of the Department of Corrections, were on January 16, 1971, residents of "L" Hall in the state penitentiary at Jefferson City. They occupied adjoining beds which were separated by a space of approximately four feet, Lipsey's bed being on defendant's right side.

Lipsey testified that at about 7 a.m. on the above date he was awakened by defendant's radio; that he awoke too late to go to breakfast and began to make his bed; that defendant was making his bed at the same time; that while standing between the two beds making up the left side of his, he (Lipsey) heard defendant say "Nigger, get out of my house"; that at about the same time he felt defendant stab him in the stomach with a knife; that he immediately threw up his arms to defend himself and defendant cut his arm, face, and neck; that another inmate stopped the altercation between them. Lipsey further testified that until about two weeks before this incident, he had occupied the bed immediately above defendant's; that during that time defendant fed and kept a pet parakeet which "had a tendency to soil my [Lipsey's] bed"; that he did not like having the bird playing around his head and soiling his bed, so he moved to the lower level in the adjoining bed.

Defendant does not deny stabbing Lipsey, but says he did so only to protect himself from great bodily harm. He testified that he knew Lipsey before Lipsey moved into the lower level bed next to his; that another inmate had told him of Lipsey's attitude toward him and the parakeet, i. e., that Lipsey had threatened that "he was going to kill my bird and bust my head." His testimony about what occurred the morning of January 16 is somewhat different from that of Lipsey. He testified that Lipsey got out of his bed, came over to his (defendant's) side with "his hands in his pockets," and from "his [Lipsey's] attitude" and the remarks he made when walking toward him (defendant), he did not know whether Lipsey had a weapon; that Lipsey knocked his radio over; that

1. The notice of appeal was filed before January 1, 1972, the effective date of the 1970 amendment to Mo.Const. Art. V, and the case was retained for disposition pursuant to the schedule (§ 31, para. 4, V.A.M.S.) of the amendment.

2. References to sections of the statutes are to RSMO 1969 and V.A.M.S.

as he said something to Lipsey about the radio, Lipsey started hitting him in the face with his fists and said "you so-and-so you, I am going to get you"; that he was afraid of Lipsey and feared that he would do what he had threatened; that he (defendant) then got his knife out of his pocket and had stabbed Lipsey twice when another inmate stopped him, and that after the other inmate said "keep to your senses" he (defendant) sat down.

▇▇▇ Defendant's testimony alone is some evidence of facts tending to show that he acted in self-defense and is sufficient substantial evidence to require that an instruction on that subject be given. "It was not the province of the court to determine the facts from the testimony of these two witnesses [Lipsey and defendant], so diametrically opposed and so conflicting upon the most material facts in issue. It was the duty of the court to instruct the jury, upon the assumption of the truth of the testimony for the state as well as the testimony for the defendant, leaving it to the jury to find the facts and determine the guilt or innocence of the defendant under proper instructions applicable to every phase of the testimony before them." State v. Bidstrup, supra, at l.c. 908; State v. Turnbo, supra; State v. Singleton, supra.

▇▇▇ An instruction on the law of self-defense was required in this case and the court's failure to so instruct was reversible error.

▇▇▇ Defendant also contends that by this charge he has been twice put in jeopardy in violation of his rights under the Fifth Amendment to the Constitution of the United States and Mo.Const. Art. I, § 19. The basis for his contention is that prior to this trial a Disciplinary Board at the penitentiary held a hearing and ordered that for this offense he be placed in solitary confinement for ten days and in maximum security for six months. This punishment, for violation of the institution's rules, involves the exercise of an administrative function. It did not place defendant in jeopardy within a constitutional sense, and thus he was not exposed to double jeopardy by his prosecution on this charge. State v. Croney, 425 S.W.2d 65, 67 (Mo.1968); State v. Kern, 447 S.W.2d 571, 577 [12] (Mo.1969).

▇▇▇ He also contends that the court erred in overruling his motion for judgment of acquittal based on the ground that he was denied his constitutional right to counsel. Presumably, his contention is that he was entitled to but was denied counsel to investigate the facts surrounding the incident immediately after its occurrence and to represent him before the prison Disciplinary Board. Assuming, without deciding, that he was entitled to counsel for the purposes mentioned, the record does not support his assertion that he was denied the assumed right. Furthermore, assuming a denial, this alone would not require his outright acquittal. The court did not err in overruling his motion.

Other points briefed by defendant, relating to the admissibility of evidence, need not be considered, because they are unlikely to arise again in the same context in a new trial.

The judgment is reversed and the cause remanded.

DONNELLY, C. J., and MEYER, Special Judge, concur.

MORGAN, J., not sitting.

FINCH, J., not a member of Division when cause was submitted.