STATE of Missouri, Respondent,

v.

Rico L. FOSTER, Appellant.

No. KCD 26372.

Missouri Court of Appeals,
Kansas City District.

July 1, 1974.

Motion for Rehearing and/or Transfer
Denied Aug. 5, 1974.

Application to Transfer Denied
Oct. 14, 1974.

Howard L. McFadden, Circuit Public Defender, 19th Judicial Circuit, Jefferson City, for appellant.

John C. Danforth, Atty. Gen., Ellen S. Roper, Asst. Atty. Gen., Jefferson City, for respondent.

1. The sufficiency of the evidence to sustain the conviction is not challenged and review of the evidence reveals that it was sufficient.

Before PRITCHARD, P. J., and SWOFFORD and SOMERVILLE, JJ.

SOMERVILLE, Judge.

On June 17, 1971, Rico L. Foster, an inmate in the Missouri State Penitentiary at Jefferson City, Missouri, was charged under the Second Offender Act with having assaulted Sergeant Henry Kemple, a prison guard, in violation of § 216.460, RSMo 1969, V.A.M.S., a felony. He was found guilty by a jury and the court, having made the necessary findings relative to a prior conviction, sentenced defendant to imprisonment for three years. He appeals.[1]

Defendant tenders ten alleged instances of trial error, which are as follows:

"I. The information herein is invalid because it is ambiguous and it charges more than one crime (assignment of error number 1).

II. The verdict herein is inadequate to apprise the defendant of the crime for which he has been convicted and was the result of an improper confinement of the jury's function by the court.

III. The judgment and sentence herein are invalid in that the judgment is insufficient to apprise the appellant of the crime for which he has been convicted and the court erroneously invaded the providence [sic] of the jury by rendering the sentence herein.

IV. The habitual criminal act was improperly applied to this cause (assignment of error number 2).

V. The appellant was denied a speedy trial as guaranteed by state and federal constitution and law (assignment of error number 3).

VI. The trial court erred in failing to grant appellant's application for change

Since a recitation of the evidence is not necessary to a discussion of the issues presented, such is omitted.

of venue (assignment of error number 4).

VII. The court erred in failing to strike state employees from the venire so as to provide the defendant with sufficient preemptory challenges of unprejudiced veniremen.

VIII. The court erred in admitting evidence of blows being struck and struggling with other guards because such evidence goes beyond the scope of the issues in the information (assignment of error number 6).

IX. The trial court erred in giving its verdict directing instruction in that it failed to instruct on all of the law of the case and the instruction given constituted a misdirection of the jury (assignment of error number 8).

X. The trial court erred in coercing a verdict of guilty after the jury indicated that it could not agree (assignment of error number 9)."

Points IV, V, VI, and X will not be considered because they do not comply with certain controlling rules regarding appellate procedure. The Rules of Civil Procedure governing practice and procedure in the Supreme Court and Courts of Appeal in Civil Cases govern practice and procedure in criminal cases in the Supreme Court and Courts of Appeal. Rule 28.-18, V.A.M.R. Therefore, defendant was obligated to comply with Rule 84.04. State v. Freeman, 489 S.W.2d 749 (Mo.App. 1973); State v. Robbins, 455 S.W.2d 24 (Mo.App.1970); State v. Conner, 391 S.W.2d 335 (Mo.1965).

■ Points IV, V, VI, and X, asserted by defendant fail to comply with Rule 84.-04(d), which requires that the points relied on ". . . state briefly and concisely what actions or rulings of the court are sought to be reviewed and *wherein and why they are claimed to be erroneous* . . ." (Emphasis added.) Points IV, V, VI, and X, asserted by defendant are mere abstract statements. Defendant has not stated wherein and why they are claimed to be erroneous. Abstract statements fail to comply with Rule 84.04(d), and preserve nothing for review. State v. Mitchell, 500 S.W.2d 320 (Mo.App.1973); State v. Gillman, 354 S.W.2d 843 (Mo. 1962).

■ Points I, II, and III are defective for the same reason and preserve nothing for review. However, these points allege error respecting either the information, verdict, judgment and sentence, and consequently will be reviewed pursuant to Rule 28.02.

■ Point VII will not be considered because the point was not presented to the trial court by defendant in his motion for new trial. At the conclusion of the voir dire examination of the jury panel, defense counsel challenged for cause all the veniremen who were employees of the State of Missouri. The challenge was denied by the trial judge. Thereafter, defense counsel raised the additional objection that the jury was not composed of defendant's peers because they were not poor, poverty-stricken, or unemployed, as was defendant. This objection was overruled. In his motion for new trial, defendant asserted the overruling of the latter objection as a ground therefor. That the trial court erred in refusing to strike for cause those veniremen who were employees of the State of Missouri so as to provide defendant with sufficient peremptory challenges of unprejudiced veniremen was not asserted as a ground for a new trial, and consequently is not preserved for appellate review. State v. Rowden, 452 S.W.2d 210 (Mo.1970); State v. Nolan, 423 S.W.2d 815 (Mo.1968).

Consequently, only five of the points asserted by the defendant (I, II, III, VIII, and IX) are viable for appellate review.

■ In Point I, defendant attacks the single count information. The information, in pertinent part, charged that defendant did ". . . feloniously offer violence to the said Henry Kemple by then and there striking the said Henry Kemple

about his head and face with his fists . . .". Defendant alleges this information is "invalid" in that it is ambiguous and charges more than one crime, since it employed both the word "offer" and the word "striking". The gist of this claim is that "offer" connotes an attempt, threat or promise to do something, but does not connote actual accomplishment, while on the other hand the word "striking" connotes actual accomplishment and connotes more than an attempt, threat, or promise. Defendant argues, as a consequence, that the information, since it employed both the words "offer" and "striking", charged him with two separate crimes: (1) offering violence to Sergeant Kemple (an attempt), and (2) striking Sergeant Kemple (an actual assault).

The argument is not persuasive. Defendant acknowledges he was being accused of violating § 216.460, RSMo 1969, V.A.M.S. This section, in pertinent part, reads:

> "If several prisoners combine or any single prisoner offers any violence to any officer, guard or employee of the state department of corrections, or to any inmate, or does or attempts to do any injury to any building or workshop, or other property, each of such persons is guilty of a felony, . . ."

The term "offers any violence" is a generic term. It is broad enough to cover more than just attempts. That it was intended by the Legislature to proscribe more than just attempts is revealed by resorting to other language used in the statute. It clearly appears that the Legislature knew how to proscribe attempts when it so desired. The very word "attempt" is specifically used elsewhere in the statute in conjunction with "attempts to do any injury to any building or workshop, or other property". Consequently, it is reasonable to conclude that the Legislature intended the phrase "offers any violence" to carry a broader meaning than attempt. Examination of cases reviewing convictions under this statute reveal that the prosecutions were maintained on facts showing actual assaults. See: State v. Tull, 375 S.W.2d 100 (Mo.1964), (defendant struck a guard in the face with his fist and on the wrist with a chair arm); State v. Goodman, 425 S.W.2d 69 (Mo.1968); (defendant struck a guard in the face with his fist); Wintjen v. State, 433 S.W.2d 257 (Mo.1968), (defendant struck a guard with his fist); State v. Denmon, 473 S.W.2d 741 (Mo. 1971), (defendant struck a guard with his hands); State v. Boyd, 498 S.W.2d 532 (Mo.1973), (defendant stabbed another inmate with a knife); State v. Jackson, 500 S.W.2d 306 (Mo.App.1973), (defendant struck a guard on the neck and back with a broken chair leg). In *Jackson*, this court specifically enumerated the elements which must be proven in order to establish an offense under § 216.460, RSMo 1969, V.A. M.S. Those elements are (1) that the defendant was a prisoner; (2) that the victim was a guard; (3) that the prisoner *assaulted* the guard.

The reason for the enactment of this statute was succinctly stated by the Missouri Supreme Court in State v. Goodman, supra, 425 S.W.2d at page 72:

> "The ratio of guards to prisoners is not great and the prison employees go about the premises unarmed. It is essential that order be maintained and the employees protected. An *assault* (even without intent to do great bodily harm) or acts to destroy or damage property, might easily provoke more trouble, and possibly a riot, and the legislature determined by the enactment of § 216.460 that the doing of any of these acts would constitute a felony." (Emphasis added.)

It is obvious from the aforementioned cases that the courts considered an actual assault within the ambit of the generic term "offers any violence" as used in § 216.460, RSMo 1969, V.A.M.S. To hold that the term "offers any violence" refers only to an attempt would constitute an insensate departure from a long line of decisions constituting the case history of said statute and would ignore the true meaning

of that phrase as revealed by the language found in the statute. Furthermore, to adopt defendant's position that the statute proscribes only attempts would create an anomaly whereby an attempt would be a felony while the accomplishment of the act might only be a misdemeanor, e. g., common assault.

The complained of information is clear and unambiguous, and charges only one crime, to-wit, the offering of violence to Sergeant Kemple "by then and there striking the said Henry Kemple about his head and face with his fists." "Striking the said Henry Kemple about his head and face with his fists" is not an accusation of a separate crime apart from an attempt as argued by defendant, but is a description of how the offer of violence was manifested. How the offer of violence was manifested was required to be included in the information, because where the ". . . statute merely defines the crime in generic terms, then the constituent facts must be pleaded in enough detail to advise the defendant specifically what he must defend against." State v. McNail, 389 S.W.2d 214, 217 (Mo.App.1965); State v. Kesterson, 403 S.W.2d 606 (Mo.1966). Defendant's first point is without merit.

■ In Point II, defendant contends that the verdict finding him ". . . guilty in the manner and form as charged in the information" was inadequate. Defendant's contention is that the information charged him with two crimes and thus a general verdict of guilty did not inform him of the crime for which he was convicted. Point II is resolved by having hereinbefore held that the information charged but a single crime. Where the information charges but a single crime, a general verdict of guilty as charged in the

information is responsive to the issues and is sufficient. State v. Sykes, 400 S.W.2d 57 (Mo.1966); State v. Ryan, 275 S.W.2d 350 (Mo.1955); State v. Bowman, 213 S. W. 97 (Mo.1919). Furthermore, where, as here, the instructions fairly submit the facts charged in the information, it is not fatal that the verdict does not specify the crime charged in the information. State v. Martin, 395 S.W.2d 97 (Mo.1965); State v. Hendrix, 310 S.W.2d 852 (Mo.1958).

■ Defendant further argues under Point II that "the verdict is also invalid in that the jury was not instructed to render punishment and they did not do so." He argues that since the information did not charge a felony, but only the misdemeanor of common assault (striking Sergeant Kemple with fists), the Second Offender Act[2] was not applicable and consequently the jury should have determined the punishment. Our holding under Point I that the information charged but a single felony under § 216.460, RSMo 1969, V.A.M.S., resolves this argument. The information charging a felony, prosecution of the case under the Second Offender Act, was proper and it was the duty and function of the court, not the jury, to assess punishment. § 556.280, RSMo 1969, V.A.M.S.; State v. Sykes, supra; State v. West, 356 S.W.2d 880 (Mo.1962). The jury's verdict was sufficient.

■ In Point III, defendant attacks the judgment and sentence. He attacks the judgment arguing that since the information charges two crimes and the jury returned a general verdict of guilty, the judgment rendered in accordance with said verdict did not apprise defendant of the crime for which he was convicted. The point is without merit. As previously mentioned, the information charges only one crime. Where this is so, a judgment,

2. The Second Offender Act, § 556.280, RSMo 1969, V.A.M.S., is applicable only when the defendant is charged with having committed a felony. The statute, in pertinent part, reads:
"If any person convicted of any offense punishable by imprisonment in the penitiary, or of any attempt to commit an offense which, if perpetrated, would be punish-
able by imprisonment in the penitentiary, shall be sentenced and subsequently placed on probation, paroled, fined or imprisoned therefor, and is charged with having thereafter committed a felony, he shall be tried and if convicted punished as follows:
. . . "

which recites, as did the one here, that the defendant was found guilty as charged and punishment was assessed, is sufficient. It is not fatal that the judgment did not refer to the nature of the crime for which defendant was found guilty. State v. Bowman, supra; State v. Hendrix, supra. Defendant attacks the sentence saying that the court, by rendering sentence, erroneously invaded the province of the jury. The sequence of his argument is: the information charged him with both a felony ("offering violence") and a misdemeanor (common assault); since the evidence conclusively demonstrated that the assault was perpetrated, the defendant could not be convicted of the attempt, i. e., offering violence, because of § 556.160, RSMo 1969, V.A.M.S., which provides that there can be no conviction for an attempt to commit a crime when it appears that the crime attempted was perpetrated; thus, defendant could only be convicted of common assault, a misdemeanor; this being so, the Second Offender Act was not applicable, and the jury should have rendered the sentence.

As previously held herein, the information charged a single offense, a felony, and the cause was properly prosecuted under the Second Offender Act. It was incumbent on the trial judge to render the sentence. § 556.280, RSMo 1969, V.A.M.S., State v. Sykes, supra; State v. West, supra.

In Point VIII, defendant argues that the information charging him with "offering violence" charged an attempt, and, consequently, evidence that he actually struck Sergeant Kemple was outside the scope of the information. This point fails because of the holding regarding Point I. The information charges only one crime—the offering of violence to Sergeant Kemple as manifested by defendant striking him with his fists. Evidence of defendant's striking Sergeant Kemple was material, relevant, and admissible to prove the crime charged.

Finally defendant in Point IX complains that the verdict directing instruction was erroneous. The instruction read:

"You are instructed that if you believe and find from the evidence beyond a reasonable doubt, as reasonable doubt has been defined for you, that the defendant, Ricco Foster, on the 4th day of March, 1971, was a prisoner in the dustody [sic] of the Department of Corrections and confined in the Missouri State Penitentiary, an institution under the Department of Corrections, and that Henry Kemple was an officer and guard of the Department of Corrections of the State of Missouri, if you so find, and on that date, in Cole County, Missouri, Ricco Foster did willfully, unlawfully and feloniously offer violence to the said Henry Kemple by then and there striking the said Henry Kemple about his head and face with his fists, and so find beyond a reasonable doubt, then you will find the defendant, Ricco Foster, guilty in the manner and form as charged in the Information; and unless you do so find the facts to be in every respect as above stated, you will find the defendant, Ricco Foster, not guilty in the manner and form as charged in the Information."

Defendant makes the argument that the words "offer", "violence", and "striking", should have been defined because failure to do so confused the jury. Obviously, these are words in common usage. Words in common usage need not be defined in an instruction. State v. Tull, supra; State v. Holmes, 364 S.W.2d 537 (Mo.1963). Additionally, since the defendant did not offer written instructions defining these terms, the trial court had no duty to so instruct. State v. Day, 506 S. W.2d 497 (Mo.App.1974); State v. Heitman, 473 S.W.2d 722 (Mo.1971). Even the most terse look at the instruction persuasively demonstrates that it was not confusing because it specifically hypothesized a required finding of facts by the jury, cast in plain, unadulterated language as to what constituted "offer violence", namely, *"by then and there striking the said Henry Kemple about his head and face with his* [Rico Foster's] *fists."* (Emphasis added.)

Defendant asserts the further contention that ". . . the jury should not have been instructed on an 'offer' to 'strike' when the evidence was that a striking did occur". The argument is that this allowed the jury to convict for an attempt when the evidence demonstrated that the crime was consummated. He claims such a conviction is prohibited by § 556.160, RSMo 1969, V.A.M.S. The point is premised on his oft-stated contention that § 216.460, RSMo 1969, V.A.M.S., proscribes only attempts. What was said regarding Point I, likewise, controls this contention. The crime of offering violence to a prison guard is broad enough to proscribe actual assaults committed on a prison guard. That is what was charged, and proven, in this case. The instruction submitted all of the essential elements of that offense as set forth in State v. Jackson, supra. There was no error in giving this instruction.

Reviewing the entire record of this case and finding no error, the judgment is affirmed.

All concur.