STATE of Missouri, Respondent,

v.

Larry Dale WINTJEN, Appellant.

No. KCD 26966.

Missouri Court of Appeals,
Kansas City District.

Nov. 4, 1974.

Motion for Rehearing or for Transfer to Supreme Court Denied Feb. 18, 1975.

---

Richard R. Nacy, Jr., Asst. Circuit Public Defender, 19th Judicial Circuit, Jefferson City, for appellant.

John C. Danforth, Atty. Gen., Robert Presson, Asst. Atty. Gen., Jefferson City, for respondent.

Before PRITCHARD, P. J., and SWOFFORD and SOMERVILLE, JJ.

SOMERVILLE, Judge.

On March 20, 1973, Larry Dale Wintjen, a prisoner confined in the Missouri State Penitentiary in Cole County, Missouri, was indicted for having offered violence to Sergeant Donald Beckley, a prison guard employed by the State Department of Corrections, in violation of Section 216.460, RSMo 1969, V.A.M.S., a felony. The indictment, in part, recited that Wintjen did, ". . . feloniously offer violence to the said Donald Beckley by then and there striking him in the face with his fists . . .".

Defendant was found guilty by a jury; the trial court, since the jury was unable to agree on the punishment to be fixed, assessed Wintjen's punishment at confinement in the custody of the State Department of Corrections for a term of three years. Allocution was granted, and judgment and sentence were pronounced.[1]

Wintjen seeks redress on appeal on three separately assigned grounds.

Wintjen first asserts on appeal that the trial court erred in overruling his motion to dismiss made at the close of the state's opening statement, and his motions for acquittal made at the close of the state's evidence and at the close of all the evidence, because the statutory language employed in Section 216.460, supra, "offers any violence", proscribes only threats or attempts of violence, not accomplished assaults. Conjunctively, Wintjen asserts the state's opening statement, and all the evidence in the case, showed an accomplished assault rather than a mere threat or attempt of violence. This court recently examined the meaning of "offers any violence" in the context employed in Section 216.460, supra, against a similar contention in State v. Foster, 513 S.W.2d 657 (Mo. App. Kansas City Dist. 1974, motion for transfer denied by the Supreme Court October 16, 1974), and therein held that an accomplished assault was within the ambit of the generic term "offers any violence" as used in Section 216.460, supra. Accordingly, Wintjen's first assertion of error is ruled against him.

Wintjen next asserts that the trial court erred in failing to instruct the jury as to the definition of the term "offer violence" as employed in Instruction No. 4, the state's verdict directing instruction. Wintjen at no time offered an instruction defining the term. The complained of instruction, in part, reads: ". . . offer violence to the said Donald Beckley by striking Donald Beckley in the face with his fists . . .". Under comparable circumstances involving a parallel instruction, a like attack was unsuccessfully leveled

---

1. The sufficiency of the evidence to sustain the conviction is not challenged (assuming Section 216.460, RSMo 1969, proscribes an accomplished assault) and a review of the evidence reveals that it was sufficient. Since a recitation of the evidence is not necessary to a discussion of the issues presented, such is omitted.

against the state's verdict directing instruction in State v. Foster, supra. In *Foster,* this court held that the words "offer" and "violence" were words in common usage and, therefore, required no definition, and, in any event, the trial court had no duty to define them absent the tender of an appropriate instruction by defendant.

*Foster* dispenses with any necessity to expatiate on Wintjen's second assertion of error and, accordingly, it is ruled adversely to him.

▪ Finally, Wintjen asserts on appeal that the trial court erred in admitting evidence of prior convictions which were still pending on appeal for the purpose of impeaching his testimony. An examination of the transcript discloses that the state, on cross-examination, asked Wintjen if he had ever been convicted of any prior felonies. Wintjen replied that he had. Although the transcript is a bit murky, it does reveal that Wintjen had been convicted of a number of prior felonies in addition to the one for which he was presently confined in the penitentiary, at least one of which had become a final conviction and three of which were pending on appeal. Further examination of the transcript reveals that the state, during its cross-examination of Wintjen, persisted in questioning him about three prior felony convictions (forcible rape—99 years, felonious assault —50 years, and felonious assault—10 years) *after* he had testified that the three referred to convictions were pending on appeal. State v. Blevins, 425 S.W.2d 155 (Mo.1968) dispels all doubt that convictions pending on appeal are not admissible for purposes of impeachment. But this does not end the inquiry posed by Wintjen's final assertion of error. The state responds thereto with the argument that Wintjen's final assertion of error was not preserved for review because the objectional evidence was not timely objected to and no motion to strike it was ever lodged. The transcript shows that subsequent to Wintjen's testimony that certain of the felonies for which he stood convicted were pending on appeal, the state, without objection, proceeded to ask him nine questions and to elicit nine answers in the taboo area. Finally, at this point, and for the first time, Wintjen's counsel lodged an objection. Clearly, the objection was untimely made, and its untimeliness was accentuated by the fact that it was preceded by the posing of nine unobjected to questions and the elicitation of answers thereto. When Wintjen's counsel finally objected to the improper evidence ferreted out by the state in its cross-examination, the trial court failed to rule on the objection. Wintjen's counsel did not press for a ruling and, more importantly, did not move to strike the legally objectionable evidence.

In view of the above posture of Wintjen's final assertion of error, the state's response to it is persuasive and finds firm support in State v. Sykes, 372 S.W.2d 24, 27 (Mo.1963): "An objection made after the witness has answered is untimely and, in the absence of a motion to strike the answer, the ruling of the court or its failure to rule is not preserved for review. State v. Velanti, Mo., 331 S.W.2d 542, 546[7]."

Wintjen's failure to preserve his final assertion of error for review, coupled with the fact that the alleged error lies beyond the perimeter of Rule 28.02, V.A.M.R., terminates all further inquiry. Perforce, his final assertion of error fails to afford him any appellate relief.

Judgment affirmed.

All concur.