STATE of Missouri, Respondent,

v.

Marina J. RANGEL, Appellant.

No. WD–35755.

Missouri Court of Appeals,
Western District.

Sept. 4, 1984.

Mark V. Clark, Columbia, for appellant.

John Ashcroft, Atty. Gen., Thomas Carter, II, Asst. Atty. Gen., Jefferson City, for respondent.

Before KENNEDY, P.J., and NUGENT and BERREY, JJ.

PER CURIAM:

Defendant Marina Rangel was convicted upon jury trial of offering to commit violence upon a correctional institution employee while an inmate at the Renz Correctional Center in Cedar City, § 217.385, RSMo Supp.1982, and was sentenced as a persistent offender to three years imprisonment. On appeal, defendant contends there was insufficient evidence to make a submissible case, specifically on the issue of whether she purposely or knowingly tried to hit Sgt. Crocker, a correctional institution employee.

The judgment is affirmed.

To determine whether evidence sufficient to make a submissible case exists from which a jury could reasonably have found defendant guilty, we look to the record for evidence and to reasonable inferences therefrom favorable to the verdict. *State v. Turner*, 623 S.W.2d 4, 6 (Mo. banc 1981).

With that standard in mind, the record reveals the following evidence supporting the verdict.

On August 29, 1982, Sgt. Katie Findley, in charge of grievance investigation at the Renz Correctional Center in Callaway County, asked Officer Sherry Jenkins who was on her way to an "adjustment board" meeting, to deliver to defendant Rangel a grievance response form for defendant to sign and return. Prior to this date defendant had filed a grievance. The response form contains the superintendent's grievance decision and is given to the inmate to sign, indicating her intention to accept the decision or appeal it. Upon its return, a copy is made and given to the inmate.

Officer Jenkins passed the form through the cell bars to defendant and asked if she would sign it. Defendant replied only that the form was hers and that she was going to keep it. Officer Jenkins asked Sgt. Mary Crocker, another correctional officer, whether the form need be returned. Crocker in turn conferred with Sgt. Findley who told Crocker they needed the form returned. Officer James Carter, a third correctional officer, accompanied Jenkins to defendant's cell to retrieve the form; Sgt. Crocker came to the cell as well. Standing with Jenkins and Carter outside the cell, Crocker asked defendant to return the form. She refused, gesturing to them, saying it was hers and to "come on and get it." Crocker ordered Carter to open the cell door; he did so and she entered alone. She asked for the form again and told defendant if she didn't give it up peacefully, they would take it from her by force. Defendant backed away from Crocker to the wall opposite the cell door between the toilet and the bunk. At this juncture defendant was most aggressive and said, "Come and get it bitch. Come and take it away from me." She stuffed the grievance form into the back waistband portion of her pants.

The record shows that defendant swung at Crocker who grabbed defendant's arm, and then defendant began swinging and kicking, kicking Crocker in the ribs and stomach. Crocker motioned for the others to enter the cell. Jenkins grabbed defendant who kicked and hit her in return and

wrestled her onto the bed. Carter also tried to restrain her. Crocker shouted for help to Earl Engelbrecht, a case worker supervisor who was passing by the cell. He entered and grabbed one of defendant's legs. Carter subdued defendant and the fight ended.

■ Defendant's motion for new trial was denied. On appeal, defendant challenges that ruling, claiming insufficient evidence was adduced to make a submissible case on the issue of whether she *purposely* or *knowingly* tried to hit Sgt. Crocker.[1] The trial court did not err in submitting the case to the jury. *State v. Wilson*, 645 S.W.2d 372, 373 (Mo.1983). There was substantial evidence from which the jury could reasonably have found the defendant acted knowingly. *State v. Dunlap*, 639 S.W.2d 201, 206 (Mo.App.1982).

Defendant invited the confrontation by refusing to return the grievance form and by gesturing to the three officers outside her cell, saying, "Come on and get it." Once inside the cell, Sgt. Crocker informed her that they would have to take the form from her by force if she did not relinquish it. In response, defendant placed the grievance form in her back pocket and reiterated that they would have to take it from her, calling Crocker a "bitch" in the process.

At this point, defendant knew that by her conduct she was inviting a violent confrontation. That her purposeful act was certain to cause the end result, § 562.016.2, RSMo Supp.1982. Indeed, she persisted and the result followed.

Additional evidence reinforces this observation. Defendant swung at Sgt. Crocker and at Officer Jenkins. She kicked at Crocker, making contact with and injuring Crocker's ribs and stomach. Defendant did not merely swing once or level one kick at

the officers. She acted knowingly with the first swing and with each swing and kick thereafter because she knew the effect of such actions. She intended to harm the officers who tried to restrain her and knew that by kicking and swinging she would make contact and would perhaps injure them.

The point is denied.

Judgment affirmed.

---

1. Section 562.016, RSMo Supp.1982, defines "purposely" and "knowingly"

2. A person "acts purposely," or with purpose, with respect to his conduct or to a result thereof when it is his concious object to engage in that conduct or to cause that result.

3. A person "acts knowingly," or with knowledge,

(1) With respect to his conduct or to attendant circumstances when he is aware of the nature of his conduct or that those circumstances exist; or

(2) With respect to a result of his conduct when he is aware that his conduct is practically certain to cause that result.