**STATE of Missouri,
Plaintiff-Respondent,**

v.

**James FYNN, Defendant-Appellant.**

No. 48455.

Missouri Court of Appeals,
Eastern District,
Division One.

Dec. 31, 1984.

William J. Shaw, Public Defender, Clayton, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Jefferson City, for plaintiff-respondent.

GAERTNER, Judge.

Defendant was convicted by a jury of stealing a motor vehicle and, as a persist-

ent and prior offender, sentenced by the court to ten years' imprisonment. We affirm.

At approximately 2:00 a.m. on October 13, 1981, a security guard at an apartment complex observed three men trying to put a 50 cc Suzuki motorbike into the back seat of an automobile. Two of the men were pushing the motorbike from its rear, while the third man in the back seat of the automobile was pulling on the handlebars. The security guard identified defendant as the man who was in the back seat pulling the motorbike. The owner of the motorbike, a resident of the apartment complex, had given no one permission to take or use the motorbike. The security guard detained the three men at the scene until the arrival of the police. Defendant contended he was asleep in the automobile and knew nothing of the theft of the motorbike.

On appeal defendant first contends he is entitled to a new trial because of the failure of the state to comply with his discovery requests for "all reports or statements of experts...." He contends the state failed to give him a copy of a fingerprint report which disclosed that a single fingerprint, that of a co-defendant, had been lifted from the motorbike by the police.

■ The state should have furnished the fingerprint report to the defendant pursuant to his timely request for discovery. Rule 25.03. However, under the circumstances of this case, the state's dereliction does not warrant reversal. At the outset we note that the issue argued on appeal was not asserted in defendant's motion for new trial. The motion charged trial court error in refusing to permit defendant's counsel to argue to the jury the lack of fingerprint evidence, a very different contention than that made here. The matter has not been preserved for appellate review. Rule 29.11(d).

■ Nor do the circumstances warrant consideration of the issue as plain error. Defendant's complaint is that he was not furnished a copy of the fingerprint report.

His attorney acknowledged that he had been informed of the content of the report, that only one identifiable print had been lifted from the motorbike, that of a co-participant. The failure to detect an identifiable fingerprint of the defendant on the motorbike does not establish his lack of participation in the theft. We find no manifest injustice or miscarriage of justice from the failure to comply literally with the request for discovery. Rule 29.12(b).

■ Defendant's final point on appeal is that the trial court erred in refusing to give the jury an instruction offered by defendant defining motor vehicle, motor bicycle and vehicle. Unless the Notes on Use to the applicable MAI–CR2d jury instruction expressly require or permit the definition of a term, word or phrase, it must not be defined even if requested by counsel or by the jury. MAI–CR2d 33.00, Notes on Use, Note 8; *State v. Moland,* 626 S.W.2d 368, 372 (Mo.1982). The applicable instruction submitted by the trial court was MAI–CR2d 24.02.1. The Notes on Use to this instruction neither require nor permit the definitions requested by defendant.

The judgment is affirmed.

PUDLOWSKI, P.J., and KAROHL, J., concur.