**STATE of Missouri, Respondent,**

v.

**Robert LEE, Jr., Appellant.**

**No. WD 36,840.**

Missouri Court of Appeals, Western District.

Feb. 25, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied March 27, 1986.

Application to Transfer Denied May 13, 1986.

Holly Simmons, Columbia, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

Before BERREY, P.J., and TURNAGE and MANFORD, JJ.

TURNAGE, Judge.

Robert Lee, Jr. was convicted of offering to commit violence to an officer of a correctional institution in violation of § 217.385, RSMo Supp.1984[1] and sentenced to four years imprisonment to run consecutive to the sentence he was serving.

Lee contends on appeal that the trial court erred because § 217.385 does not cover attempts, the evidence was insufficient to support the verdict, and the jury instructions were erroneous. Affirmed.

Lee was serving a ten year sentence for first degree robbery at the Algoa Correctional Center in Cole County, Missouri. On May 6, 1984, Lee was confined in Dorm 2 of the Algoa Correctional Center. Correctional Officer Clifford South was on duty on the night and early morning of May 6 and 7.

A short time after midnight on May 6, 1984, several inmates in Dorm 2 created a disturbance by yelling from their rooms. Officer South notified the captain in charge that a disturbance was occuring and the captain went to the dorm and quieted the inmates. Soon after the captain left the inmates again created a disturbance.

Officer South notified the captain and the captain directed Officer South to determine which inmate was instigating the disturbance. Officer South went outside the building to look in the windows of each inmate's cell to determine who was causing the disturbance. South testified that when he came to Lee's cell, he observed that Lee was kneeling on the floor with his head near the bottom of the door and that he was yelling out the door.

South returned to the building and, pursuant to the captain's instructions, went to Lee's cell to take him to the administrative segregation unit in Dorm 6. South testified that when he went to Lee's cell, Lee would not gather his belongings as requested but otherwise went with South willingly. South testified that Lee was angry and used profanity as South escorted Lee to Dorm 6.

---

1. All sectional references are to Missouri's Revised Statutes, Supp. 1984 unless otherwise indicated.

Randy Smith, another corrections officer, met South and Lee as they walked to Dorm 6. Smith walked in front of Lee, and South walked directly behind Lee. When the three arrived at Dorm 6, Smith attempted to open the door to Dorm 6 but Lee grabbed the door in an attempt to hold it shut. Smith got Lee away from the door, at which point Lee spun around toward South with his left arm raised to shoulder height, fully extended and, according to the testimony of South, started to move toward South. Smith testified Lee had his right fist clenched to hit South. South testified Lee's arm came within a few inches of South's shoulder and jaw. South reacted by pushing Lee into the door, placing him in a headlock and bending him over backwards until Smith could aid in restraining Lee. Smith and South then escorted Lee into his cell.

Lee testified that before South came into his cell, he had been saying the prayers required by his religion and that he was saying his prayers loudly. Lee denies acting belligerent toward Officer South and testified he was merely asking South questions as he was being escorted to Dorm 6. Lee denies attempting to strike South, and testified South grabbed him after South and Smith whispered together.

Robert Lee was convicted of offering to commit violence to an officer of a correctional institution in violation of § 217.385. Lee was sentenced as a prior offender to four years imprisonment.

▪ Lee first contends § 217.385 cannot be construed to cover "a mere attempt to strike" a correctional officer. This contention is without merit. The first rule of statutory construction is to give effect to the intent of the legislature. Words used in a statute are to be given their plain and ordinary meaning. *State v. Burnau,* 642 S.W.2d 621, 623[4–6] (Mo. banc 1982). When possible, a statute's intent should first be ascertained from its plain lan-

guage. *State v. Davis,* 675 S.W.2d 410, 415[1–3] (Mo.App.1984).

In *State v. Foster,* 513 S.W.2d 657, 662[10, 11] (Mo.App.1974), this court considered § 216.460, RSMo 1969, which has since been repealed and replaced by § 217.-385.[2] The court held that the words "offer" and "violence" are words in common usage and as such did not need to be defined in the jury instructions. The term "offer to commit violence" in § 217.385 is therefore one of common understanding and its meaning must be ascertained from its plain language.

"Offer" is defined as "to try or begin to exert" and as "attempt, try." "Violence" is defined as "exertion of any physical force so as to injure or abuse." *Webster's Third New International Dictionary.* As these definitions demonstrate, the term "offer to commit violence" includes an attempt to use physical force so as to injure or abuse. Since the plain language of the statute encompasses an attempt to strike, Lee's act must come within the statute.

The discussion of the legislative intent in enacting § 216.460, RSMo 1969 also reveals "offers any violence" should include an attempt. The legislative intent is discussed in *State v. Goodman,* 425 S.W.2d 69, 72[2] (Mo.1968). The legislature perceived that it was essential to maintain order in prisons and to protect prison employees. This goal would be thwarted if § 217.385 were read narrowly to exclude an attempt to strike a corrections officer.

In *Foster,* the court held the term "offers any violence" as used in the former § 216.460, RSMo 1969 is a generic term intended by the legislature to be broad enough to cover more than just attempts and therefore includes completed assaults. 513 S.W.2d at 660. *Foster* did not hold "offers any violence" includes only completed assaults. Rather, *Foster* means that "offers any violence" is broad enough to cover completed assaults as well as attempts.

**2.** Section 216.460 provided in part that it shall be a felony "[i]f several prisoners combine or any single prisoner offers any violence to any officer, guard, or employee of the state department of corrections or to any inmate ..."

■ Lee next contends the evidence did not establish an attempt to strike the officer and was not sufficient to support the verdict.

In determining if the evidence is sufficient to support the verdict, this court must consider the evidence and all reasonable inferences in the light most favorable to the State and must disregard all evidence and inferences contrary to the verdict. *State v. Garrett,* 682 S.W.2d 153, 154[1] (Mo.App.1984).

The evidence in this case was sufficient to support the verdict. Officer South testified that Lee attempted to swing at him. South testified Lee raised his left arm to shoulder height and began to move toward South, at which point South protected himself by placing Lee in a head lock and restraining him. Officer Smith corroborated this testimony.

Lee denied making a threatening gesture toward South and testified South grabbed him after South and Smith whispered together.

Viewing the evidence in the light most favorable to the State, there is sufficient evidence to support the verdict.

■ Lee next contends the court erred in submitting Instruction No. 5 to the jury because the instruction failed to include all elements of the offense in that it did not require a finding of a culpable mental state.

Lee's contention that the jury should have been required to find that he acted with a culpable mental state is not new. In *Goodman,* the court considered a contention that a prosecution under the former § 216.460 required proof of an intent to do great bodily harm. The court rejected that argument and observed that the special statute dealing with violence to an officer or employee of a correctional institution, or to another inmate, was designed to maintain order and to protect the employees within those institutions. The court stated "[a]n assault (even without intent to do great bodily harm) ... might easily provoke more trouble, and possibly a riot...." 425 S.W.2d at 72[2]. The same reasoning applies to compel the result that a culpable mental state is not required in a prosecution under § 217.385.

It was held in *State v. Beishir,* 646 S.W.2d 74, 77 (Mo. banc 1983), that a designated mental state is not required in every statute. The court pointed out that § 562.-021.2, RSMo 1978 provides that a culpable mental state is required except as provided in § 562.026. Section 562.026.2, RSMo 1978 provides that if the statute defining the offense clearly indicates a purpose to dispense with the requirement of any culpable mental state as to a specific element of the offense, then a culpable mental state is not required. *Beishir* also held that whether or not criminal intent or knowledge is an element of a crime is a matter of statutory construction to be determined by considering the subject matter as well as the language of the statute.

The legislature pointedly refrained from including any requirement of culpable mental state in § 217.385. Considering the purpose of the statute as stated in *Goodman,* the reason for such omission is easily understood. Even an unintentional act of violence to an officer or employee in a correctional institution could touch off more violence and perhaps a riot. For good reason the legislature has determined that no violence shall be offered to any officer or employee or other inmate in a correctional institution.

This view also finds support in *State v. Jackson,* 500 S.W.2d 306, 309[1] (Mo.App. 1973). Considering the subject matter of the statute and the language employed this court concludes that a culpable mental state is not required to be proven in a prosecution under § 217.385.[3]

---

**3.** In *State v. Rangel,* 676 S.W.2d 536 (Mo.App. 1984), this court considered a contention that the proof in a prosecution under § 217.385 was not sufficient to show that the violence was offered purposely or knowingly. This court considered the contention at face value and did not reach the question of whether or not the statute required proof that the violence was committed purposely or knowingly. That case is not precedent contrary to the holding herein.

 Lee last contends the instruction was erroneous because it failed to define "offer of violence." Verdict directing instructions must define those terms which would confuse or mislead a jury absent a definition. *State v. Rodgers,* 641 S.W.2d 83, 84–85[1–5] (Mo. banc 1982). In cases concerning the former § 216.460, RSMo 1969 the courts repeatedly held that the words "offer" and "violence" are words in common usage and as such did not need to be defined in jury instructions. *State v. Wintjen,* 522 S.W.2d 26, 27–28[2] (Mo.App. 1974). No instruction defining those terms was required.

The judgment is affirmed.

All concur.