**STATE of Missouri, Respondent,**

**v.**

**Lillian TAYLOR, Appellant.**

**No. WD 39365.**

Missouri Court of Appeals,
Western District.

Jan. 12, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 1, 1988.

Nancy A. McKerrow, Columbia, for appellant.

William L. Webster, Atty. Gen., L. Timothy Wilson, John M. Morris, Asst. Attys. Gen., Jefferson City, for respondent.

Before CLARK, P.J., and TURNAGE and MANFORD, JJ.

CLARK, Presiding Judge.

Lillian Taylor, a then inmate of the Renz Correctional Center in maximum security confinement, was tried by a jury, was convicted of the offense of offering to commit violence to a correctional officer and was sentenced to serve ten years consecutive to her prior sentences. On this appeal, she contends the trial court erred in failing to include certain definitions of terms in the verdict directing instruction and in sentencing appellant to an excessive and disproportionate term of punishment.

At the time of the offense with which appellant was charged in this case, she was incarcerated under prior convictions and was housed in a special holding cell which had been designed in anticipation of receiving death row inmates. The cell is constructed with two doors, an outer steel door and an inner mesh door. Appellant was lodged in this room because she was violent, combative and unable to live with the other inmates.

On May 22, 1986, six correctional officers came to appellant's cell to search for contraband. To accomplish this, appellant was removed from the cell in handcuffs and was seated at a bench in the corridor. She was guarded by one of the officers who carried a protective plexiglass shield. As the other officers commenced removing objects from the cell, appellant rose from the bench and began moving toward the cell, hollering, cursing and screaming. She was restrained and pushed back by the officer with the shield. At this point, appellant attempted to leap over the guard and he fell with appellant who tried to wrest the shield away. Failing this, appellant bit the guard's arm and also bit and clawed other officers and spat in their faces. She was eventually subdued and returned to the cell.

In her first point of error, appellant complains that the verdict directing instruction patterned after MAI–CR 3d 304.02 and 304.08 was in error because the term "offer to commit violence" was not defined and because the instruction did not include a requirement that the jury find appellant had a culpable mental state.

We first note that appellant made no objection to the instruction at trial and raised no issue on that subject in her motion for new trial. The alleged error is therefore not preserved and is reviewable, if at all, only under the plain error rule. Rule 29.12(b); *State v. Moland,* 626 S.W.2d 368, 370 (Mo.1982). Even as plain error, instruction error will result in a reversal

only if the jury has been so misdirected or not instructed that a manifest injustice results. *State v. Chaney,* 663 S.W.2d 279, 283 (Mo.App.1983).

■ Appellant first argues that in the circumstances of this case, the instruction should have defined the facts hypothesized by the state to constitute the offer to commit violence so that the jury would be informed as to the conduct involved. She relies on *State v. Foster,* 513 S.W.2d 657 (Mo.App.1974). The words "offer" and "violence" are words in common usage and do not require definition in jury instructions. *State v. Lee,* 708 S.W.2d 229, 231 (Mo.App. 1986). The phrase, taken from § 217.385, RSMo 1986, is to be applied by the jury in accordance with its plain language. Understandably, MAI–CR 3d 304.02 and 304.08 and the applicable Notes on Use neither authorize nor require the giving of any instruction defining these terms. Where the Notes on Use do not require or permit definition of a term, word or phrase, no definition instruction may be given even if requested by counsel or the jury. *State v. Fynn,* 683 S.W.2d 664, 665 (Mo.App.1984); MAI–CR 3d 333.00 Notes on Use 2.

Appellant's argument seeks to avoid the well settled propositions regarding definition instructions by resorting to a definition requirement couched in factual detail, that is, just what acts of the accused constituted the offense charged. No authority to support the contention is supplied. *State v. Foster, supra,* is not in point. That case dealt with the content of an information and held that the charge must be sufficiently specific so as to enable the accused to prepare a defense. *Foster,* 513 S.W.2d at 661. That is not the situation here.

In the light of the evidence, summarized above, there was not even a remote possibility that the jury could have been misled or confused by the instruction. Appellant bit and clawed the correction officers and resisted their attempts to preserve order in the institution. The evidence unmistakedly conformed to the terminology of the instruction. There was no prospect of misdirection and no possibility for manifest injustice.

The second prong of appellant's instruction argument contends that the instruction should have included the component of a culpable mental state, that is, an intent on the part of appellant to cause harm. She argues that the statute, § 217.385, RSMo 1986, may be construed not to have created an offense of strict liability and urges this interpretation.

■ This same contention was advanced in *State v. Goodman,* 425 S.W.2d 69 (Mo. 1968), a prosecution under former § 216.460. The court there reviewed the language of the statute and concluded that in this legislation dealing with violence in a correctional institution, the General Assembly had good cause to designate the offense as one of strict liability in the interests of protecting employees of the correctional institutions. *Id.* at 72. *State v. Lee,* 708 S.W.2d at 232, re-examined the same contention in the context of the present § 217.385 and determined that the rationale of *Goodman* should be followed. *Lee,* 708 S.W.2d at 232, concluded that a culpable mental state need not be proved in a prosecution for offering violence to a corrections officer.

We unequivocally reaffirm the decision in *Lee* and hold that § 217.385, RSMo 1986, designates the offense to be one of strict liability not involving proof of a culpable mental state. As the facts of this case demonstrate, there is a need, recognized by the legislature, to maintain order, control the behavior of obstreperous inmates, such as appellant, and protect prison employees. The instruction given in accordance with MAI–CR 3d was proper under the statute. There was no error and certainly no manifest injustice.

■ In her final point, appellant complains of the ten year sentence arguing that it was disproportionate to the offense, shocking to the moral sense of reasonable men and therefore contrary to the constitutional restriction against cruel and unusual punishment. Within the limits imposed on appellate review of sentencing, we cannot agree that any constitutional violation appears.

The appellate court is not to substitute its judgment for that of the trial court in considering the appropriateness of a particular sentence. *Solem v. Helm,* 463 U.S. 277, 290 n. 16, 103 S.Ct. 3001, 3009 n. 16, 77 L.Ed.2d 637 (1983). A term of sentence which is within the prescribed statutory limit for the offense is generally not violative of the constitution, although subject to some judicial review. *State v. Mitchell,* 563 S.W.2d 18, 26 (Mo. banc 1978). Deference must be accorded to the legislature in its determination of types and limits of punishments because it possesses broad authority in the field. *Solem v. Helm,* 463 U.S. at 290, 103 S.Ct. at 3009–10.

Appellant was tried and convicted as a persistent offender and as punishment for committing a Class C felony, she was subject to a maximum term of fifteen years. Section 558.016, RSMo 1986. The sentence of ten years was therefore substantially less than the term authorized by law. Appellant had compiled a record, disclosed by pre-sentence investigation, as a combative and hostile inmate detained in maximum security because she posed a threat to prison employees and other inmates. Appellant herself acknowledged her unwillingness to accept prison authority and a failure to improve or conform her conduct during confinement. The learned trial judge exercised restraint in the circumstances and could well have deemed this case as one appropriate for imposition of the maximum term. Under these circumstances, it cannot be successfully argued that an appellate court should intervene. The point is denied.

The judgment and sentence are affirmed.

All concur.