**STATE of Missouri, Respondent,**

v.

**Bernard E. BAILEY, Appellant.**

**No. WD 41901.**

Missouri Court of Appeals,
Western District.

Jan. 30, 1990.

Ellen H. Flottman, Columbia, for appellant.

William L. Webster, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before NUGENT, C.J., and
FENNER, J., and WASSERSTROM,
Senior Judge.

FENNER, Judge.

Appellant, Bernard E. Bailey, appeals his conviction after trial by jury of offering

violence to a correctional officer under § 217.385, RSMo 1986. Following his conviction appellant was sentenced to a term of 15 years' imprisonment as a persistent offender pursuant to § 558.016.2, RSMo 1986. The facts are not in dispute.

On the morning of November 3, 1986, Corrections Officer Calvin Speckhals was working in the Special Management Facility (SMF) of the Missouri State Penitentiary (Penitentiary) doing routine inspections, "shake downs", of the inmates to determine if they had any contraband in their possession. Officer Speckhals asked an inmate by the name of Osick to allow him to search a sack that Osick was carrying. An argument ensued, during which appellant struck Officer Speckhals in the jaw. Speckhals testified that he had never spoken to or made a move toward appellant before he was struck. Another Penitentiary Officer also testified that he saw appellant strike Officer Speckhals.

Officer Speckhals suffered injuries to his jaw. The root of one of his teeth was damaged and another tooth was shattered.

Appellant first argues that the State's verdict directing instruction failed to fully and accurately instruct the jury on the elements with which he was charged because it did not require the jury to make any finding of a culpable mental state.

Appellant was prosecuted and convicted under § 217.385, RSMo 1986, which provides in pertinent part that "[n]o inmate shall offer to commit violence to an officer or employee of a correctional institution ..." The verdict-directing instruction on this offense was as follows:

### Instruction No. *6*

As to Count II, if you find and believe from the evidence beyond a reasonable doubt:
First, that on or about November 3, 1986, in the County of Cole, State of Missouri, the defendant, Bernard Bailey, was a prisoner lawfully confined in the Missouri State Penitentiary, and
Second, that Calvin Speckhals was a duly appointed and acting officer of the Department of Corrections and Human Resources of the State of Missouri, and
Third, that the defendant struck Calvin Specihals [sic],
then you will find the defendant guilty under Count II of offering violence to an officer of the Department of Corrections and Human Resources of the State of Missouri.

However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

If you do find the defendant guilty under Count II of offering violence to an officer, you will return a verdict finding him guilty of offering violence.

There is no MAI–CR 3d approved verdict directing instruction for the offense of offering violence to a correctional officer. Instruction No. 6 was patterned after MAI–CR 3d 304.02, as modified by MAI–CR 3d 304.08. These are both generic instructions which must be completed by adding the essential elements of the offense charged.

■ It is well settled that the offense of offering violence to a correctional officer under § 217.385, RSMo 1986, is one of strict liability and requires no culpable mental state. *State v. Taylor*, 746 S.W.2d 102, 104 (Mo.App.1988); *State v. Lee*, 708 S.W.2d 229, 232 (Mo.App.1986).

Appellant's first argument is denied.

Appellant next argues that the verdict directing instruction failed to require the jury to find that the appellant had "offered violence" to Officer Speckhals. Instead the instruction merely required the jury to find that the appellant "struck Calvin Speckhals."

Apparently appellant would have wanted paragraph "third" of the instruction to have hypothesized "that the defendant offered violence to Calvin Speckhals by striking him."

■ The offense of offering violence to a correctional officer encompasses both completed and attempted assaults. *State v.*

*Foster,* 513 S.W.2d 657, 660 (Mo.App.1974). Convictions for offering to commit violence to a correctional officer have in numerous cases been sustained on the basis of evidence showing that the defendant struck a guard. *Id.; State v. Tull,* 375 S.W.2d 100 (Mo.1964); *State v. Denmon,* 473 S.W.2d 741 (Mo.1971). These decisions are consistent with the plain language of the statute, which encompasses an "attempt to strike." *State v. Lee,* 708 S.W.2d at 231, and therefore, obviously, the completed act as well.

On the basis of these decisions, it was unnecessary for the verdict directing instruction to specifically hypothesize that the appellant "offered violence to the officer by striking him," since a finding that appellant "struck Calvin Speckhals" was tantamount to a finding that appellant had offered violence to that officer. The instruction adequately hypothesized all of the consistent elements of an offense under § 217.385, RSMo 1986.

Appellant's final argument is that the trial court erred in permitting the State's witness, Robert Malone, to testify that appellant was housed with the inmates with "behavior problems" and those who "have quite a few infractions of the rules." Appellant argues this testimony implies prior bad acts, and was thereby improper.

Robert Malone was a Lieutenant with the Department of Corrections. The record reflects that Lieutenant Malone gave the following answers to questions of the prosecutor:

Q. Okay. And what inmates are housed in the Special Management Facilities?

A. Ones with behavior problems.

Q. What do you mean by that?

[Counsel for appellant]: I object to that, it is irrelevant.

THE COURT: Relevance?

[Prosecutor]: Shows that it is the most secure part of the prison; it shows that's the purpose of it—

[Counsel for appellant]: That's a different question, Your Honor.

THE COURT: The objection will be overruled.

[Prosecutor]: Go ahead and explain, Lieutenant.

[A.][1] Inmates that are housed in SMF are not there for what they've done on the street, it's behavior that they have shown while in the institutions, and when they have quite a few infractions of the rules that are sent there, to SMF, to be housed in a more secure area than, say, general population?

Q. What makes it more secure than general population?

A. It is monitored more closely, movement is more restricted.

Q. Are there more shake downs there?

A. Yes.

As the record reflects there was no objection to Lieutenant Malone's testimony that inmates with behavior problems are the ones housed in SMF. The objection was to Lieutenant Malone being able to explain his answer. The explanation was cumulative and it is not error to admit evidence over objection that is merely cumulative of or restates earlier evidence admitted without objection, where, as here, no motion to strike the body of the objectional evidence is made. *State v. Carey,* 599 S.W.2d 71, 72 (Mo.App.1980).

Furthermore, even if a proper objection had been made the nature of the facility where the incident occurred, and the type of inmates that were housed there was relevant background information for the jury. This went to explain the necessity for and the right to undertake the extensive security procedures in the facility, procedures which triggered the offense for which appellant was on trial.

The judgment of the trial court is affirmed.

All concur.

---

1. The transcript labels this comment as "Q" instead of "A" but there is no dispute and it is clear from the context that this is an answer by Lieutenant Malone rather than a question by counsel.