STATE of Missouri, Respondent,

v.

Oscar HEAD, Appellant.

No. WD 45248.

Missouri Court of Appeals,
Western District.

Aug. 4, 1992.

Steven Willibey, Kansas City, for appellant.

Andrew J. Krohn, Pros. Atty., Mercer County, Princeton, for respondent.

Before SPINDEN, P.J., and TURNAGE and BRECKENRIDGE, JJ.

SPINDEN, Presiding Judge.

Oscar Head appeals his conviction for assault in the third degree. He claims the trial court erred in admitting evidence of Mercer County Sheriff's Department radio log and in suspending Head's hunting privileges as part of Head's sentence. We affirm the court's judgement of guilt but remand for resentencing.

### A.

 Head shoved James Robert Palmer, a game warden, in a dispute on November 17, 1990, over whether Head possessed deer tags for two deer Palmer saw hanging from a tree on Head's property. When the dispute became heated, Palmer radioed the Mercer County Sheriff's Department where a deputy recorded Palmer's call in the radio log.

At trial, the state offered the radio log to corroborate Palmer's testimony that Head assaulted him during the dispute. The court admitted the radio log under § 490.-680, RSMo 1986, as a business record. Head asserts that the state did not lay a sufficient foundation to admit it as a business record.[1]

Even if Head were correct that the evidence was inadmissible, he failed to establish how he was prejudiced by the alleged error. It is not error to admit normally inadmissible evidence over objection when the evidence is cumulative. *State v. Richardson*, 340 Mo. 680, 102 S.W.2d 653, 656 (1937); *State v. Bailey*, 783 S.W.2d 490 (Mo.App.1990). Moreover, "in a court-tried case it is practically impossible to predicate reversible error on the erroneous admission of evidence.... The party making that contention must demonstrate the absence of sufficient competent evidence to support the challenged judgment." *Estate of Helmich*, 731 S.W.2d 474, 479 (Mo.App.1987) (citation omitted).

Other evidence established Head's guilt. Palmer testified that Head had shoved him. Sheriff Duane Hobbs, who arrested Head,

testified that Head told him that he realized that he should not have pushed Palmer. We conclude that the radio log was merely cumulative; hence, even if its admission was erroneous, it was not prejudicial.

### B.

 Head also complains that the trial court erred when it suspended his hunting privileges for two years as part of his sentence in addition to ordering Head to pay a $500 fine and that he be jailed for 15 days. We agree and remand for resentencing.

"In Missouri jurisprudence, the power of a court to assess ... a criminal sentence rests on statute, a rule of procedure equivalent to statute, or other rule of law." *State v. Lewis*, 633 S.W.2d 110, 118 (Mo. App.1982). Section 557.011.2, RSMo 1986, authorized the court to sentence Head to a jail term and to fine him. It did not authorize suspension of Head's hunting privileges. Section 557.011.5, RSMo 1986, states, however, "This chapter shall not be construed to deprive the court of any authority *conferred by law* to ... suspend or cancel a license[.]"[2] We find no provision, and the state points us to none,[3] authorizing the court to suspend a hunting license as part of a sentence for third degree assault.

Hence, we remand the case to the trial court with instructions to set aside its sentence. The trial court shall assess sentence consistent with § 557.011.2: a jail term which does not exceed one year, § 558.-011.2, RSMo 1986, or a fine which does not exceed $1000, § 560.016, RSMo 1986, or both.

All concur.

---

1. Our review of Head's contention is significantly hampered by his failure to include the questioned exhibit in the record on appeal.

2. We added the emphasis.

3. The state conceded error in the matter.